CHARLES H. LIVERMORE and MARCENA GLEZEN, Respondents, v. SOLOMON J. NORTHRUP, Appellant.

An assignment for the benefit of creditors is not rendered fraudulent in law by the mere fact, that the nominal value of the assets appears by the schedules to somewhat exceed the indebtedness. Their value must be clearly, and to a large amount, in excess of the liabilities.

A debt is not fictitious because the statute of frauds, if interposed, would prevent its enforcement. The debtor is under no legal or moral obligation to set up that defence, but may do so or not at his option.

The fact, that a failing debtor has made conveyances without consideration, or committed other frauds, prior to his general assignment, does not render that assignment void as matter of law. These are circumstances for the consideration of the jury, but are not conclusive of fraudulent intent.

One who has converted property, by means of a wrongful levy, cannot relieve himself from liability by an offer to relinquish the levy. The injured party may refuse to accept the offer and recover the value of the property.

(Submitted on the part of the respondent, September 24th, 1870; decided December 28th, 1870.)

APPEAL from an order of the General Term of the Supreme Court, sixth district, affirming a judgment entered upon a verdict in favor of the plaintiffs.

The action was brought to recover the value of a stock of merchandise, and certain cows, lumber, and saw logs, belonging to the plaintiffs, as assignees of Simon J. Lusk, for the benefit of his creditors.

The defendant denied the allegations of the complaint, and claimed to hold the property by virtue of an attachment, issued by a justice of the Supreme Court, in behalf of certain creditors of Lusk, on the ground that he had disposed of his property, with intent to defraud his creditors. The answer further stated, that judgment had been recovered against Lusk in the action wherein the attachment had been granted, executions issued thereon, and the property seized under the attachment had been sold on the execution. The answer further alleged, that the title of the plaintiffs was by virtue of a pretended assignment by Lusk, made to hinder, delay, and defraud his creditors, and that the assignment was fraudulent and void.

At the trial the plaintiffs produced an assignment from Simon J. Lusk, of the town of Lisle, Broome county, to Charles H. Livermore, of the same town, and Marcena Glezen, of Owego, Tioga county, bearing date, acknowledged and recorded June 21st, 1861, whereby, after reciting his indebtedness, his inability to pay in full, and his desire to provide for the payment thereof to the extent of his property, the said Lusk assigned and conveyed to the plaintiffs all his real and personal estate, in trust, to convert it into money, and after paying the expenses of the trust, to divide the proceeds among his creditors according to a classification therein specified. Among the preferred debts, was one due to the plaintiff, Glezen, for $57.19.

The plaintiffs testified, as witnesses in their own behalf, that they took possession of the property assigned on the next day after the execution of the assignment, and made an inventory thereof. There were some circumstances in regard to a change of the possession, tending to cast suspicion upon the good faith of the assignment.

Conveyances were made by the assignor, shortly before his assignment to two of his sons, of two parcels of real estate; one for the consideration of $600, and the other of $150.

It appeared from the evidence, that Simon J. Lusk gave his note to Glezen the day before the assignment, for $57.19,

the consideration of which was an indebtedness of his son, and son-in-law, to Glezen, of several years standing, which he had verbally promised to pay a year prior to the making of the note.

The schedule of liabilities filed with the county clerk, and the inventory of the property assigned, indicated that the property assigned was nominally larger than the liabilities of the debtor.

When the plaintiffs rested their case, the defendants moved to dismiss the complaint, on the ground that it appeared that the assignor was solvent; that the debt to Glezen was fictitious; and that there had been no change of possession of the property assigned. The motion was denied, and the defendants' counsel duly excepted.

There were some exceptions to the charge of the judge, which are adverted to in the opinion. The case having been submitted to the jury, they found for the plaintiffs for the value of the property levied on. The judgment on this verdict was affirmed at the General Term of the Supreme Court; and, from the judgment entered on that affirmance, this appeal has been taken.

*W. C. Ruger*, for the appellants.

*L. Seymour*, for the respondents.

LEONARD, C. The grounds for the motion to dismiss the complaint were entirely untenable. The difference between the liabilities and the assets, as to their value, was not of such a nature as to afford a presumption of fraud. The nominal difference was not large; and the statement of the assets included debts due to the assignor at their face, without reference to the question whether they were collectible or not. As to that fact, there was no evidence. Where the assets are clearly in excess of the liabilities of the debtor, to a large extent, it may raise a presumption of an intent to hinder and delay creditors in the collection of their just demands, and

amount to a *prima facie* case of fraud. But the facts here warranted no such conclusion, as a matter of law.

As to the note to Glezen, so far from the evidence showing it to be for a fictitious debt, it showed a valid moral obligation resting on the debtor to pay it. The fact that the promise was verbal, and could not have been enforced, if Mr. Lusk had insisted upon the objection that the promise was for the debt of a third party and within the statute of frauds, does not render the debt or the note fictitious. It was not obligatory on Mr. Lusk to interpose that defence, either morally or legally. It is entirely within the option of the debtor whether he will set up the statute of frauds against the performance of such a promise or not. The proof was that he had made the promise, and, although verbal, honesty as well as honor required its faithful performance.

The question of the change of possession of the assigned property, although there was no contradiction in the evidence, was one of fact for the jury. The circumstances relied on, although suspicious, were not inconsistent with an honest purpose. As to the real estate, the title of two parcels conveyed to his sons was openly changed; and the evidence of consideration was altogether on the side of the plaintiffs, and tending to sustain its validity. Lusk and his family resided on the farm till it was sold by the assignees in the following August; he had nothing to do with the crops; those were gathered by his son on shares, under an agreement with the assignees; the cows were left on the farm in charge of Mrs. Lusk, for pasture; as to the other personal estate, it appears that the change of possession was actually made. No conclusion of law adverse to the assignment could be had from these facts. It was eminently a case for the jury to find whether there was an actual change of possession or not; and the judge was correct in denying the motion to dismiss the complaint.

The judge was requested after the evidence had been closed, to charge that the assignment was fraudulent and void on account of the preference of a fictitious debt to Marcena

Glezen, which the judge refused, and instructed the jury, that it was a question of fact for them to decide, whether that debt was fictitious; but if it was fictitious, that the assignment was void.

. The counsel for the defendant duly excepted to this charge, and also to the refusal to charge. The charge was more favorable for the defendant than the facts warranted. The judge might have correctly instructed the jury, that the evidence showed that the note was given for a valid obligation, as has been already shown, and that Lusk might, as matter of law, give it a preference in the order of payment.

The judge was also requested to charge the jury that the conveyances made by the assignor to his children in anticipation of an assignment, made it fraudulent. He refused so to charge, and instructed the jury that if they should find that the conveyances to the children were each fraudulent, it did not necessarily follow that the assignment was fraudulent. The counsel for the defendant duly excepted. It appeared in evidence that Simon J. Lusk had conveyed a parcel of real estate to one of his sons of the value of about $600, and to another about thirteen acres of the value of $150, shortly before the assignment.

There was also evidence tending to show that he was indebted to each of these sons, to an amount equal to the value of the land conveyed to them respectively. The witnesses differed somewhat as to the value of the land. The charge on this subject was undoubtedly correct, as was also the refusal to give the instructions requsted. Neither conveyances without consideration, nor other frauds committed by a failing debtor, prior to his general assignment for the benefit of his creditors, will operate to make it void as matter of law. These are circumstances which may be taken into consideration by a court and jury, if nearly contemporaneous, but are not conclusive of a fraudulent intent.

The counsel for the appellant also excepted to the directions of the judge, that the plaintiffs were entitled to recover, if anything, the whole value of the logs and lumber levied on.

The levy was made by the defendant July 5th, and in September following he offered to relinquish the levy. Neither the lumber or the logs were ever removed, but remained on the premises, where the levy was made, at the time of the trial. The plaintiffs refused to accept the articles when the defendant offered to return them.

The defendant exercised a dominion over the lumber and logs by the levy. He disregarded the plaintiffs' title; and they could not remove the property, or exercise any acts of ownership after the levy without being guilty of a trespass or misdemeanor. The defendant could not, at his pleasure and without the plaintiffs' consent, discharge the responsibility which he had incurred. His levy was a conversion of the property. He assumed the right to dispose of it. The plaintiffs did not repossess themselves, or accept the relinquishment of the right or authority over the property previously claimed by the defendant. The plaintiffs, having acquired a right of action, cannot, without their knowledge or assent, be held to have lost it.

If the plaintiffs had resumed their ownership it would have affected the damages, but not the right of action. The case of *Reynolds* v. *Shuler* (5 Cow. R., 323), and the authorities there cited and considered, are full upon this question. The learned judge was correct in his instructions to the jury.

There were some other exceptions to the rulings of the judge; but none of them have been argued by the appellant. The judgment should be affirmed, with costs.

All concur for affirmance.

Judgment affirmed, with costs.