## JACOB CARPENTER, Appellant, *v.* THE MANHATTAN LIFE INSURANCE COMPANY, Respondent.

*Damages—in an action for the conversion of property are not affected by an unaccepted tender made before the commencement of the action.*

In an action for the conversion of personal property, the right of the plaintiff to recover the full value of the property is not affected by proof of an unaccepted tender of the property made by the defendant after the conversion, and before the commencement of the action. (Gilbert, J., dissenting.)

Appeal from a judgment in favor of the defendant, entered upon the verdict of a jury, and from an order denying a motion for a new trial, made upon the minutes of the justice before whom the action was tried.

On June 16, 1879, under a decree in foreclosure in its favor, the defendant purchased the real estate mentioned in the pleadings, and on which were the plants and flower-pots described in the complaint in this action. At the time of the sale the plaintiff was the owner and in possession of the said premises, and of the plants and pots referred to. It was agreed that the plants should be allowed to remain in the green-house until the weather became mild and it was convenient to remove them. On March 8, 1879, Mr. H. B. Stokes, the assistant secretary of the company, wrote to the plaintiff, requiring him to take the plants away. The plaintiff replied by letter

that he refused to take them away, and would hold the company responsible for any damage resulting from their removal, claiming that there was an agreement that they should remain until warm weather. They remained on the company's premises until Saturday, May 17, 1879, when the plaintiff, without notice to the company that he desired them, went with a man, and demanded them from the gardener in charge of the place, who, acting under the orders of the company, refused to deliver them to him. On the Monday following, having received instructions to that effect from the company, the gardener went to the plaintiff, and told him to come and get the plants. He refused to take them, and immediately brought this action for the conversion of the plants.

*Miles & Wood*, for the appellant.

*Martin J Keogh*, for the respondent.

BARNARD, P. J.:

This is a hard action. The plaintiff was the owner of some hot-house plants which remained upon defendant's premises by its assent, and to accommodate the plaintiff. The plaintiff was notified to remove them, and he delayed doing so for a considerable time; but when he did endeavor to get them, the defendant refused to deliver them to the plaintiff. This was on Saturday, May 17, 1879. On Monday following, the defendant told the plaintiff he might have the plants. On Tuesday, May 20, 1879, this suit was commenced. The court charged the jury that the plaintiff was entitled to recover the difference between the market value of the property on Saturday and on Monday, when they were tendered back. We think in this charge the court erred. The conversion was made out by a refusal to deliver the property on Saturday. The plaintiff's right of action was then complete, and could not be destroyed without his consent. If, after a conversion, the goods are received back, either before or after suit brought, it goes to mitigate the damages, and no further. A party whose goods are converted, cannot be forced to receive them back. (*Livermore* v. *Northrup*, 44 N. Y., 107; *Reynolds* v. *Shuler*, 5 Cow., 323.) The judgment should therefore be reversed and a new trial granted, costs to abide event.

DYKMAN, J. :

I concur with reluctance.

GILBERT, J., dissented.

Judgment and order denying new trial reversed and new trial granted ; costs to abide event.