STITT et al. v. WARD et al.

(Supreme Court, Appellate Division, First Department.    February 3, 1911.)

1. PRINCIPAL AND AGENT (§ 123*)—AUTHORITY OF AGENT—EVIDENCE.
    Evidence *held* to require a finding that defendant's agent had actual authority in making a new contract for the placing of complainants' advertising to orally agree not to accept advertising in the same medium from another concern.
    [Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 420–429; Dec. Dig. § 123.*]

2. FRAUDS, STATUTE OF (§ 143*)—NATURE OF DEFENSE.
    The statute of frauds is a personal defense which cannot be availed of by a third party to avoid a contract.
    [Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 344–350; Dec. Dig. § 143.*]

3. SPECIFIC PERFORMANCE (§ 16*)—RIGHT TO RELIEF—JUDICIAL DISCRETION.
    Specific performance will never be decreed where it would be inequitable, and this whether the inequitableness arises from the performance of the contract itself or from circumstances connected with or surrounding it.
    [Ed. Note.—For other cases, see Specific Performance, Cent. Dig. §§ 35, 36; Dec. Dig. § 16.*]

4. SPECIFIC PERFORMANCE (§ 16*)—DEFENSES—EQUITY—BREACH OF CONTRACT.
    Complainant was not entitled to the specific performance of a contract for the placing of complainant's advertising in street cars, where the decree, if granted, would compel defendant to violate another contract previously made, which he desired to carry out, notwithstanding to do so would operate to his pecuniary loss.
    [Ed. Note.—For other cases, see Specific Performance, Dec. Dig. § 16.*]

Appeal from Special Term, New York County.

Action by William J. Stitt and another against Artemus Ward and others. Judgment for plaintiffs, and defendants appeal. Reversed, and new trial ordered.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, MILLER, and DOWLING, JJ.

Norman B. Beecher, for appellant Ward.
Hugh A. Bayne, for appellants Meyers.
Henry Siegrist, for respondents.

McLAUGHLIN, J.   Action for specific performance of a contract. The complaint alleges that on the 25th of May, 1909, the defendant Ward entered into a contract with the plaintiffs by which he agreed to insert certain advertising matter of the plaintiffs in one-half of all the cars on the Manhattan Railway & Subway Division of the Interborough Rapid Transit Company in the city of New York; that the contract had 120 months to run from the 1st of August, 1909, and plaintiffs agreed to pay for the space $600 per month; that the defendant Ward had refused to carry out the contract, and, unless directed to do so by the court, plaintiffs would be damaged in at least the sum of $100,000, to recover which they had no adequate remedy at law.   The answer of the defendant Ward admitted substantially all

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of the material allegations of the complaint, except that the plaintiffs did not have an adequate remedy at law, and that they would be damaged to the amount alleged, if specific performance were denied. It then set up, as an affirmative defense, that prior to making the contract with the plaintiffs the defendant Ward, on the 18th of March, 1909, entered into a contract with the firm of Louis Meyers & Son, by which Ward agreed to insert advertising matter of Meyers & Son in the cars of the Manhattan Railway & Subway Division of the Interborough Transit Company in the city of New York for the period of nine months, commencing August 1, 1909, and nine months commencing August 1st of each succeeding year for ten additional years, and that during such time he would not insert in any of said cars the advertising matter of the plaintiffs; that the contract was made by Ward's advertising manager, and Ward was ignorant of it until some time after May 25, 1909, the date on which he entered into the contract with the plaintiffs; that at the time the contract with the plaintiffs was entered into Ward's advertising manager was absent, but as soon as he returned he informed Ward of the contract which had previously been entered into with Meyers & Son, and thereupon Ward notified the plaintiffs that by reason of such contract he could not carry out his contract with them. The answer further alleged, as an affirmative defense, that the firm of Meyers & Son was a necessary party to the action. This defense, however, was waived at the trial; the members of the firm of Meyers & Son, by consent of all parties, being made parties defendant in the action and interposing an answer similar to the affirmative defense of the defendant Ward.

At the conclusion of the trial the court found, as a fact, that Ward's manager, one Cohn, had no authority to make an oral contract with Meyers & Son to the effect that Ward would not insert advertising matter of the plaintiffs in the cars referred to; that any oral contract of this kind was a mere personal arrangement between Cohn and Meyers & Son, and not binding upon the defendant Ward; that Ward never entered into any contract with Meyers & Son by which he was obligated not to place advertising matter of the plaintiffs in such cars. It also found, as a conclusion of law, that any oral contract between Ward and Meyers & Son to the effect that Ward would not insert the plaintiffs' advertising matter in the cars referred to "is void, invalid, and of no effect as violative of the provisions of the laws of this state commonly known as the statute of frauds, for the reason that such arrangement was not to be performed or carried out within one year from the date when the same was made." Upon the decision judgment was entered in favor of the plaintiffs, directing the defendant Ward to specifically perform the contract which he had entered into with them, from which Ward and Meyers & Son have separately appealed.

All the parties appear to have acted in the utmost good faith. The fact is not disputed but what Meyers & Son, when they made their contract, wanted an exclusive right to advertise gloves. This Cohn, acting for Ward, refused to give, but finally agreed that the plaintiffs would not be permitted to advertise gloves during the life of

Meyers & Son's contract. When the written contract came to be delivered, Meyers & Son discovered that no provision had been inserted in it with reference to the plaintiffs' advertising, and thereupon it was agreed, orally, that they would not be permitted to do so. That such oral agreement was made is not disputed, nor is the fact that Ward was ignorant of it at the time he contracted with the plaintiffs. The real question presented on the appeal, as it seems to me, is whether Cohn could make a contract of this kind, which was binding upon Ward. Cohn was the advertising manager of Ward. He had previously made a contract for Ward with Meyers & Son with reference to advertising, and had carried on negotiations with such firm looking to the cancellation of the contract which they then had and the making of the contract here under consideration. The new contract was signed on behalf of Ward by Cohn. In view of the course of dealings between Meyers & Son and Ward, through his manager, Cohn, it does not seem as though Ward could question Cohn's authority to enter into the oral agreement, as a consideration of their canceling the old and making the new one.

But it is unnecessary to place our decision upon the apparent authority of Cohn, because the evidence shows he had actual authority. He not only had been the advertising manager of Ward for upwards of 10 years, during which time he had substantially the entire charge of the advertising business, but he had executed, on behalf of Ward, something over 90 per cent. of the contracts made, some of them oral, and all of which were carried out. Among others which he had made was an oral contract with reference to herring, quite similar to the one made with Meyers & Son, excluding other advertisers. Ward himself testified that Cohn "had every authority" on his behalf to make both written and oral advertising contracts. The testimony of Ward and Cohn stands uncontradicted, and there is nothing to indicate that it is incredible or improbable. On the contrary, it would have been largely to Ward's interest to have denied Cohn's authority to enter into the contract in question. Had he been relieved from the contract, he would have profited to the extent of many thousands of dollars. Under such circumstances, I do not see how the trial court could disregard his testimony, corroborated, as it was, by the facts and circumstances concerning the making of the Meyers' contract. If this view be correct, then the finding that Ward never entered into a contract with Meyers & Son is against the evidence. As already indicated, the evidence satisfactorily established that such contract was made and that Cohn had authority to make it for Ward

But it is said that Meyers & Son could not enforce the contract by reason of the statute of frauds. This may be true as between Meyers & Son and Ward if the latter saw fit to avail himself of the statute; but this does not concern the plaintiffs. The statute of frauds is a personal defense and cannot be availed of by a third party. Folinsbee v. Sawyer, 157 N. Y. 196–199, 51 N. E. 994, and cases cited; Crane v. Powell, 139 N. Y. 379, 34 N. E. 911; Am. & Eng. Enc. of Law (2d Ed.) vol. 29, p. 807. There is no moral or legal obligation resting upon Ward to avail himself of the statute against Meyers.

It rests entirely with him to say whether or not he will do so, and the plaintiffs cannot complain if he decides not to resort to the statute. Livermore v. Northrup, 44 N. Y. 107; Best v. Davis, 44 Ill. App. 624; Purdom Naval Stores Co. v. Western Union Tel. Co. (C. C.) 153 Fed. 327; Cannon v. Castleman, 164 Ind. 343, 73 N. E. 689; Maguire v. Heraty, 163 Pa. 381, 30 Atl. 151, 43 Am. St. Rep. 800.

It seems to me, therefore, that the court erred in decreeing specific performance. Such decree compels Ward to violate a contract which he insists upon carrying out, notwithstanding to do so will be to his pecuniary loss. The right of specific performance may be granted or withheld upon a consideration of all the circumstances and in the exercise of judicial discretion. Miles v. Dover Furnace Iron Co., 125 N. Y. 294, 26 N. E. 261; Gotthelf v. Stranahan, 138 N. Y. 345, 34 N. E. 286, 20 L. R. A. 455; McPherson v. Schade, 149 N. Y. 16, 43 N. E. 527. It will never be decreed where it would be inequitable, and it is a matter of no consequence whether the fact that it is inequitable arises from the performance of the contract itself or from circumstances connected with or surrounding it. Stokes v. Stokes, 155 N. Y. 581, 590, 50 N. E. 342, and cases cited.

The view thus taken does not deprive the plaintiffs of the benefit of their contract. They may proceed at law to recover whatever damages they have sustained by reason of Ward's refusal to carry out the contract which he made with them.

It follows the judgment appealed from must be reversed, and a new trial ordered; with costs to appellant to abide event. All concur.