■ CHARLES F. HUSCHLE, III, Doing Business as H & R IMPORT COMPANY, Respondent, v. KENNETH BATTELLE et al., Appellants, et al., Defendants.— Judgment entered April 23, 1969, modified on the law, without costs and without disbursements, by striking from the judgment that amount awarded for punitive damages, and otherwise affirmed. The defendants may have committed wrongful acts, but the conduct was not so gross and wanton as to bring it within the class of malfeasances for which punitive damages may be awarded (*James* v. *Powell*, 19 N Y 2d 249–260; *Walker* v. *Sheldon*, 10 N Y 2d 401, 406). "No public right is involved as the underlying wrong is susceptible of adequate compensation" (*American Electronics* v. *Neptune Meter Co.*, 30 A D 2d 117, 119). We conclude that the latter decision is controlling and we are constrained thereby to dismiss plaintiff's claim for punitive damages. Concur — Eager, J. P., Markewich, McNally, Macken, JJ.; Nunez, J., dissents in the following memorandum: I would affirm *in toto*. The reliance of the majority on *American Electronics* v. *Neptune Meter Co.* (30 A D 2d 117) as authority for denying punitive damages is, in my opinion, misplaced. In this case the defendants wrongfully appropriated the plaintiff's property — a trade secret. It is a conversion action. American Electronics was an action for unfair competition in that defendants had wrongfully secured for themselves a public contract at plaintiff's expense and plaintiff had been the victim of defendant's fraud. This court, relying on *James* v. *Powell* (19 N Y 2d 249) which in turn relied upon *Walker* v. *Sheldon* (10 N Y 2d 401), reversed an award of punitive damages because no public right was involved and the underlying private wrong was susceptible of adequate compensation. In that case this court correctly applied the rule as to punitive damages in fraud and deceit cases. In *James* v. *Powell* and *Walker* v. *Sheldon*, the alleged wrong was a fraud practiced upon the plaintiff. In both cases the Court of Appeals held that in fraud and deceit cases punitive damages are recoverable only where the fraud is aimed at the public generally. Plaintiff in the case at bar did not sue for fraud. His suit was for the wrongful appropriation of his property. The trial court found "that defendant Kenneth deliberately and wrongfully appropriated the idea and concept of plaintiff's three-dimensional unique perfume bottle" and awarded plaintiff $2,500 punitive damages. "Punitive or exemplary damages may be recovered for the conversion of personalty, where the circumstances show that the conversion was accompanied by malice, insult, reckless and wilful disregard of the plaintiff's rights, or other proof showing the aggravated nature of the act." (10 N. Y. Jur. Conversion, § 76.) " The object of exemplary or punitive damages is to punish the defendant and to restrain him and others from doing like acts in the future * * * Exemplary damages may be recovered when * * * a wrongful act is done wilfully, wantonly, or maliciously * * *

In such cases the law uses the suit of a private party as an instrument of public protection, not for the sake of the suitor but for that of the public." (14 N. Y. Jur. Damages, § 179.) Under the facts of this case the trial court properly awarded, as Justice POUND once phrased it "damages that express indignation at the defendants' wrong rather than a value set on plaintiff's loss." (*Gostkowski* v. *Roman Catholic Church,* 262 N. Y. 320, 324–325.) In the case of *Toomey* v. *Farley* (2 N Y 2d 71, 83–84) Chief Judge CONWAY quoted from *Reynolds* v. *Pegler* (123 F. Supp. 36, 38, affd. 223 F. 2d 429, cert. den. 350 U. S. 846) as follows: "Punitive damages are allowed on the ground of public policy and not because the plaintiff has suffered any monetary damages for which he is entitled to reimbursement, the award goes to him simply because it is assessed in his particular suit. The damages may be considered expressive of the community attitude towards one who wilfully and wantonly causes hurt or injury to another." Judge CONWAY then added: "To those views we subscribe. The question of the amount of compensatory and/or punitive damages to be awarded was a matter for the jury. There is nothing in the record to lead us to conclude that in resolving that issue they were motivated by passion or prejudice and we cannot say that the amount of damages awarded the plaintiffs does not have support in the record or is excessive as a matter of law." In the case at bar the question of the amount of punitive damages to be awarded was a matter for the learned and experienced Special Referee to whom the case was tried. There is nothing in the record and indeed there is no claim that in resolving that issue the Referee was motivated by passion or prejudice. The award, far from being excessive, is very modest. For all of the foregoing reasons I would affirm the award of punitive as well as compensatory damages.