■ FELICIE, INC., Appellant, v MORRIS P. LEIBOVITZ, Also Known as MAURY LEIBOVITZ, et al., Respondents.—Judgment, Supreme Court, New York County, entered March 13, 1978, dismissing the complaint, unanimously reversed, on the law, vacated, and the complaint reinstated, with $75 costs and disbursements payable to appellant by respondents. Appeal from order, same court, entered March 8, 1978, granting defendants' motion to dismiss (CPLR 3211, subd [a], par 7), dismissed as subsumed in the judgment, without costs and without disbursements. The complaint alleges an oral contract with one Neiman, not a party, granting to plaintiff-appellant the right to publish and distribute in limited editions certain works of art originated by Neiman as the artist; further, that defendants-respondents

conspired to and did induce the artist to breach his contract with plaintiff and contract exclusively with defendants for virtually the same rights. The planned reproductions, when authenticated by the artist's signature, would have had significant value. Defendants claim—and Special Term agreed, dismissing—that the oral agreement relied on by plaintiff runs afoul of the Statute of Frauds as set forth in four separate enactments: sections 1-206 and 2-201 of the Uniform Commercial Code, section 219-g of the General Business Law, and sections 50 and 51 of the Civil Rights Law; that the contract is consequently void; and that—citing *Steinberg v Universal Machinenfabrik · GMBH* (24 AD2d 886, affd without opn 18 NY2d 943)—the contract being void, inducement of breach thereof is not actionable. Some of us are of the opinion that, in any event, none of the various forms in which the Statute of Frauds has been called to our attention is applicable to the circumstances before us. However, it is not necessary to reach that point. Let us proceed on the assumption that, were the issue to be appropriately raised—as it is not here—the alleged contract central to this case would not be found in accordance with the requirements of the Statute of Frauds in one or more of the several ways in which stated in our law. Would that circumstance, *ipso facto,* render the contract void? The answer is found in ancient law in this State: "When the complaint alleges a verbal agreement within the statute, and the defendant, by his answer, admits it without pleading the statute as a defense, he is deemed to have waived its benefits. [Citing cases.] Now, all that the defendant admits in such a case is the existence of a verbal agreement, void by the statute. But, nevertheless, the law treats it as valid and binding, since the defendant, by omitting to raise the question at the proper time and in the proper way, is deemed to have waived the necessity of proof such as the statute requires." *(Crane v Powell,* 139 NY 379, 386.) The teaching is clear: as a practical matter, a contract not drawn in accordance with the Statute of Frauds is not *ipso facto* void but only voidable, subject to being declared void if and when the statute is interposed as a defense "at the proper time and in the proper way." The next question is whether these defendants, in this case, may raise that defense for the purpose of having the contract voided. Again, the answer is found in ancient law: "The Statute of Frauds is a personal defense and cannot be availed of by a third party." *(Stitt v Ward,* 142 App Div 626, 630.) Defendants here are third parties; only Neiman may raise the defense *at this juncture.* This is still the law, despite the citation below of *Steinberg (supra).* In that case, affirmance by our highest court *without opinion* does not at all point to a conclusion that the Second Department's reasoning was approved by the Court of Appeals. There may well have been other considerations not reflected in the Appellate Division's memorandum opinion warranting dismissal of the cause for inducement of breach of contract. *Steinberg's* holding must be confined to its own peculiar multiparty procedural pattern. The holdings of *Crane v Powell (supra)* and *Stitt v Ward (supra)* still control. Accordingly, the complaint should be reinstated. Concur—Fein, Markewich, Lynch and Sullivan, JJ.

Silverman, J. P., concurs in a memorandum as follows: Even if we assume that *Steinberg v Universal Machinenfabrik GMBH* (18 NY2d 943, affg 24 AD2d 886), makes available to a defendant sued for inducing breach of contract the defense that the underlying contract was not enforceable because of the Statute of Frauds, I am not persuaded that the underlying contract is barred by the Statute of Frauds. The only section of the Statute of Frauds cited to us that seems to me probably applicable is section 1-206 of the Uniform Commercial Code which, however, does not make the contract

wholly unenforceable but only unenforceable beyond $5,000 in amount or value of remedy, and thus the complaint should not have been dismissed.