■ GUARD-LIFE CORPORATION, Respondent, v S. PARKER HARDWARE MANUFACTURING CORP., Appellant.—Order, Supreme Court, New York County, entered May 15, 1978, granting reargument of a prior motion and adhering to the prior order that denied defendant's motion for partial or complete summary judgment and a stay of the trial, except for staying trial of the action pending this appeal, unanimously modified, on the law, without costs or disbursements, to grant defendant partial summary judgment dismissing plaintiff's claim for punitive damages and otherwise affirmed. The appeal from the prior order of the same court entered January 18, 1978 is dismissed as academic, without costs or disbursements. Plaintiff entered into a contract with Kokusan, a Japanese manufacturer of locks, to be its exclusive distributor in North America for a period of five years and continuing thereafter unless terminated. The contract anticipated the plaintiff's placement of orders for specified locks and provided that any lock not ordered over a six-month period would be dropped from the exclusive dealership. The contract neither bound the plaintiff to place any orders nor was Kokusan bound to accept any orders placed. The plaintiff submitted only one order, No. 1001, calling for $1,200,000 of locks to be delivered over 12 months. The order was accepted by Kokusan but it failed to make the required deliveries. The plaintiff, claiming a breach, invoked contractual arbitration in Japan. The arbitrators, finding a breach of the obligation to deliver under Order No. 1001, awarded plaintiff $75,529 for loss of profits on that order, but found that it could make no award for the exclusive dealership aspect of the contract because, other than Order No. 1001, the contract lacked mutuality of obligation. The plaintiff commenced this action against defendant to recover for tortious interference with its contract with Kokusan, alleging that defendant had entered into an exclusive dealership contract with Kokusan with knowledge of the plaintiff's contract. Defendant moved for summary judgment upon the assertion, inter alia, that plaintiff was collaterally estopped by the finding of the Japanese arbitration of the lack of mutuality of obligation of the plaintiff's exclusive dealership contract. Since identity of issues is a necessity for collateral estoppel (B. R. DeWitt, Inc. v Hall, 19 NY2d 141), it is not applicable here unless the lack of mutuality of obligation that effectively served Kokusan as a defense in the arbitration is available to the defendant in this action. Special Term held that "Even if the five-year contract were unenforceable due to its * * * lack of mutuality, the defendant may still be held liable for inducing its breach". We agree. One prerequisite to a cause of action for tortious interference with a contract is the validity of that contract (Israel v Wood Dolson Co., 1 NY2d 116). Historically, even a voidable contract was deemed to have met this prerequisite when the interference was based on fraud (Rice v Manley, 66 NY 82). However, fraud is no longer necessary to recovery "in view of the heightened recognition now given the doctrine of tortious interference with a contract in this State" (Livoti v Elston, 52 AD2d 444, dissenting opn, p 447). The rationale for this liberalized view is expressed in Truax v Raich (239 US 33, 38): "The fact that the employment is at the will of the parties, respectively, does not make it one at the will of others. The employee has manifest interest in the freedom of the employer to exercise his judgment without illegal interference or compulsion and, by the weight of authority, the unjustified interference of third persons is actionable although the employment is at will". The viability of a cause of action for tortious interference with a contract unenforceable for lack of

mutuality of obligation, absent allegations of fraud, has been upheld in New York in such cases as *Felicie, Inc. v Liebovitz* (67 AD2d 656), *Union Circulation Co. v Hardel Publishers Serv.* (6 Misc 2d 340) relied upon by Special Term, *American League Baseball Club of N. Y. v Pasquel* (187 Misc 230) and *Hardy v Erickson* (36 NYS2d 823). We find that the other points raised on appeal by defendant lack merit except for its contention that it should have been granted partial summary judgment dismissing plaintiff's claim for punitive damages. There is no evidence here of "actual malice or ill will" *(Anthony v George T. Bye, Inc.,* 243 App Div 390, 391), a wrong "morally culpable" or "actuated by evil and reprehensible motives" *(Walker v Sheldon,* 10 NY2d 401, 404) or a wrongful act " 'done wilfully, wantonly or maliciously' " *(Huschle v Battelle,* 33 AD2d 1017). To the contrary, the record shows that defendant's motive was to secure an advantageous business relationship for itself. Concur—Lupiano, J. P., Silverman, Evans, Lynch and Sullivan, JJ.