■ RONDER & RONDER, P. C., Respondent, v NATIONWIDE ABSTRACT CORPORATION, Appellant. — Appeal from an order of the Supreme Court at Special Term (Pennock, J.), entered December 23, 1982 in Ulster County, which granted plaintiff's motion for summary judgment. Plaintiff is a professional corporation engaged in the practice of accounting and in the preparation of tax returns. Plaintiff contends that it entered into an "oral/written contract" with defendant whereby it was hired to perform certain services. When payment was not forthcoming, plaintiff commenced this action against defendant to recover for those services. After issue was joined and a bill of particulars was demanded and served, plaintiff moved for summary judgment, which motion was granted by Special Term and, we find, improperly so. It has been long and well established that summary judgment is a drastic remedy and will not be granted if there is any doubt as to the existence of a triable issue (*Moskowitz v Garlock,* 23 AD2d 943). Because it is the procedural equivalent of a trial (*Crowley's Milk Co. v Klein,* 24 AD2d 920), it is used sparingly (*Wanger v Zeh,* 26 AD2d 729). Review of this record, including affidavits and attached exhibits, reveals the existence of doubt as to a number of issues, i.e., whether, in fact, there was a contract, the nature and scope of the services to be performed, the fee to be charged therefor, and for whom the services were to be performed. Moreover, the exhibits attached to plaintiff's moving affidavit clearly indicate that some of the services for which recovery is sought were rendered, not to defendant, but to an officer of the corporation. There is no showing or even a claim that appropriate corporate approval and authorization were obtained. While the better practice would have been for defendant to plead the lack of authority issue as an affirmative defense, the failure to do so does not constitute a waiver (see Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3018:13, pp 148-149; CPLR 3212:10, p 431). Because issues of fact which require a trial are apparent, the order should be reversed. Order reversed, on the law, without costs, and motion denied. Kane, J. P., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.

■ DAVID R. GARNER, as Executor of ROBERT J. DONOVAN, Deceased, Respondent, v LOUIS GERRISH, Appellant. — Appeal from an order of the County Court of St. Lawrence County (Duskas, J.), entered April 14, 1983, which granted plaintiff's motion for summary judgment directing defendant to surrender possession of certain premises located in the Town of Potsdam. At issue is the construction of a residential lease. The lease, prepared by plaintiff's deceased lessor without the aid of counsel, provides for the rental of a one-family ranch house to defendant, the lessor's friend and companion, at a monthly rental of $100. Although the lease declares it is to commence May 1, 1977, the duration of the term is unstated. It does state, however, that "Lou Gerrish has the privilege of termination [*sic*] this agreement at a date of his own choice". Defendant maintains this language bestows upon him a lease for life or until he elects to surrender the premises and that Special Term erred in concluding that a month-to-month tenancy had been created. Since a lease for so long as the lessee shall please is said to be a lease at the will of both the lessor and the lessee (*Western Transp. Co. v Lansing,* 49 NY 499, 508), a month-to-month tenancy was indeed created and that tenancy was terminable upon the death of the lessor (*Lepsch v Lepsch,* 275 App Div 412, 414). Order affirmed, with costs. Kane, J. P., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.