WILLIAM F. COLE et al., Respondents-Appellants, v SHIRLEY B. LAWAS, Individually and as Conservator of the Property of ERNEST B. LAWAS, Appellant-Respondent. (Action No. 1.) ERNEST F. LAWAS et al., Appellants-Respondents, v WILLIAM F. COLE et al., Respondents-Appellants. (Action No. 2.)—Mikoll, J. Cross appeals from an order of the Supreme Court at Special Term (Dier, J.), entered January 7, 1985 in Warren County, which denied the parties' cross motions for summary judgment and granted the motion by William F. Cole and Marion A. Cole for partial summary judgment on the issue of damages in action No. 2.

William F. Cole and Marion A. Cole commenced action No. 1 against Shirley B. Lawas, individually and as conservator for Ernest B. Lawas, seeking, *inter alia,* rescission of a contract signed by the Coles to purchase a motel from the Lawases, a declaration of the rights of the parties and enforcement of a vendee's lien. In action No. 2, the Lawases sued for recovery of monthly rent payments due on the contract. The two actions were consolidated. The Coles sought summary judgment in action No. 1 or, in the alternative, partial summary judgment limiting the Lawases' damages in action No. 2 to $5,000 pursuant to the liquidated damage clause in the sales contract. The Lawases cross-moved for, *inter alia,* summary judgment declaring that the contract is voidable but not void, and holding the liquidated damage clause to be a penalty.

We concur with Special Term's decision that the Coles are not entitled to a rescission of the contract of sale on the ground that it was void due to Ernest Lawas' incompetency at the time it was signed on his behalf by his wife under a power

of attorney.* The case of *Bankers Trust Co. v Martin* (51 AD2d 411) is dispositive. We held there that a power of attorney is voidable only by the incompetent or his conservator. The other party to the contract does not have standing to have the contract declared void on the basis of incompetency.

The second issue before us is whether the granting of partial summary judgment to the Coles enforcing the liquidated damage clause of the sales contract was correct. The Coles claim that the liquidated damage clause of $5,000 is the sole amount for which they can be held responsible in the event they are held bound under the contract. The Lawases claim that the $5,000 liquidated loss clause represents a penalty and is therefore unlawful, and that the true damages are the actual loss to them, which is alleged to be $70,000.

Summary judgment is a drastic remedy and will not be granted if there is any doubt as to the existence of a triable issue *(Ronder & Ronder v Nationwide Abstract Corp.,* 99 AD2d 608). For the liquidated damage clause to be enforceable, the amount of actual loss needs to be difficult to ascertain, the stipulated sum should be a reasonable preestimate of the damages as interpreted from the date of making the contract, and the disproportion between the stipulated sum and the actual damages must not be so large as to be inequitable *(Truck Rent-A-Center v Puritan Farms 2nd,* 41 NY2d 420; McCormick, Damages § 149, at 608). In the instant case, the question of whether there is a reasonable relationship between the amount of anticipated damages at the time of contracting and the $5,000 amount stipulated to depends on whether the parties anticipated that the motel would have to be sold as a non-ongoing business should a breach occur. This factual question requires resolution and in such instance summary judgment is inappropriate.

The Coles contend that there are no factual issues involved to bar their entitlement to summary judgment since the Lawases' failure to perform certain conditions precedent before the date set for closing entitles the Coles to summary judgment as a matter of law. Special Term did not reach this issue. We find that the record on appeal indicates that there were factual issues as to whether the Lawases could have complied with the conditions before the date set for closing and whether the Coles had waived compliance with these conditions. The Coles also assert that Shirley Lawas commit-

---

* The subject power of attorney did not provide that it would survive disability or incompetence *(see,* General Obligations Law § 5-1601).

ted a fraud. This, too, is a factual issue barring a grant of summary judgment.

Order modified, on the law, with costs to the Lawases, by reversing so much thereof as granted partial summary judgment in favor of William F. Cole and Marion A. Cole on the issue of damages in action No. 2 and denied summary judgment to the Lawases insofar as it failed to make a declaration regarding the validity of the contract; declare the contract to be voidable by the Lawases and not void; and, as so modified, affirmed. Kane, J. P., Main, Weiss, Mikoll and Yesawich, Jr., JJ., concur.