■ JAMES E. FERRY et al., Respondents, v HELEN FERRY, Defendant, and HAMILTON A. FERRY, JR., et al., Appellants, and WILLIS COLEMAN et al., Respondents. [787 NYS2d 145]—

Mercure, J. Appeal from an order of the Supreme Court (Demarest, J.), entered September 17, 2003 in Franklin County, which, inter alia, granted the motion of defendants Willis Coleman and Judith Coleman for an order directing specific performance of a real estate agreement.

In August 2001, plaintiff James E. Ferry exercised a general power of attorney granted to him by his mother, defendant Helen Ferry, and entered into a real estate agreement to sell a piece of her property to defendants Willis Coleman and Judith Coleman. Approximately one month later, Helen Ferry purportedly revoked the general power of attorney to James Ferry and granted him, along with two of her other children, defendants Hamilton A. Ferry, Jr., and Margo Clark, a joint general power of attorney. James Ferry and plaintiff David Colbert, to whom James Ferry had delegated his sole power of attorney, then commenced this action seeking a declaratory judgment that neither

the revocation of James Ferry's power of attorney nor the subsequent grant of the joint power of attorney were effective. Helen Ferry, Hamilton Ferry and Margo Clark (hereinafter collectively referred to as defendants) counterclaimed, alleging fraud and breach of fiduciary duty, and seeking damages, an accounting, and the appointment of a guardian ad litem.

In July 2002, Supreme Court, among other things, appointed Owens Grogan as Helen Ferry's guardian ad litem, temporarily suspended all powers of attorney given by Helen Ferry and ordered an accounting from both defendants and plaintiffs. Thereafter, the parties agreed by stipulation to permit the Colemans to intervene in the action. The Colemans counterclaimed against plaintiffs and cross-claimed against defendants for specific performance of their real estate agreement to purchase the parcel of Helen Ferry's property. In addition, they moved for a declaratory judgment directing plaintiffs' specific performance of the real estate agreement. Defendants cross-moved for an order appointing a new guardian ad litem or, alternatively, clarifying Grogan's role. Supreme Court granted the Colemans' motion for specific performance of the real estate agreement, ordered that Grogan sign all necessary papers and otherwise denied defendants' cross motion. Hamilton Ferry and Clark now appeal.

Hamilton Ferry and Clark challenge the propriety of Supreme Court's appointment of Grogan and suspension of the joint power of attorney granted by Helen Ferry to them in the court's July 2002 order. Inasmuch as they failed to file a notice of appeal from that order, these issues are not properly before this Court (*see Roufaiel v Ithaca Coll.*, 280 AD2d 812, 814 [2001]). Contrary to their argument, the September 2003 order from which they appealed is not a final judgment because it did not dispose of plaintiffs' request for a declaratory judgment or defendants' counterclaims and, thus, an appeal from the latter order cannot bring up for review the nonfinal July 2002 order (*see* CPLR 5501 [a] [1]; *Domansky v Berkovitch*, 259 AD2d 331, 332 [1999], *lv denied* 93 NY2d 988 [1999], *lv dismissed* 93 NY2d 999 [1999]). Moreover, we conclude that because they were not parties to the contract and their power of attorney has been suspended, Hamilton Ferry and Clark lack standing to advance their remaining arguments that the real estate agreement between the Colemans and James Ferry does not satisfy the statute of frauds and that James Ferry was incompetent at the time that agreement was executed (*see Vincent v Seaman*, 152 AD2d 841, 843 [1989]; *Cole v Lawas*, 116 AD2d 936, 937 [1986]; *Felicie, Inc. v Leibovitz*, 67 AD2d 656, 657 [1979]).

Cardona, P.J., Peters, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, with one bill of costs.