EDWARD ANTHONY, Appellant, *v.* GEORGE T. BYE, INCORPORATED, and Another, Respondents.

First Department, February 15, 1935.

*Albert E. Kane*, for the appellant.

*Wilder Goodwin* of counsel [*Reynolds, Goodwin & Wilson*, attorneys], for the respondents.

PER CURIAM. The first defense, pleaded as a complete and partial defense, is sufficient as to the first and second causes of action. If, as this defense alleges, the plaintiff has received " full payment for all services performed or to be performed " by him under the contract, the breach of which the defendants are claimed to have unlawfully induced, he would be entitled to no further recovery from the defendants. His measure of damages for the prevention of performance would be the same in the suit against the parties with whom he contracted, or against the defendants who induced the breach. Allegations that the inducement was malicious would not justify the recovery of punitive damages, as the word " malicious " does not necessarily mean actual malice or ill will. (*Hornstein* v. *Podwitz*, 254 N. Y. 443, 448.) The recovery of punitive damages would require facts tending to show actual malice and damages predicated thereon.

The second defense to these two causes of action, however, predicated upon plaintiff's general release of the Van Beuren Corporation and the individual Buck of all claims against them for the alleged violation of their contract with him, is not, in our opinion, a defense. These causes of action sound in tort. The release relates solely to plaintiff's contract rights against the Van Beuren Corporation and Buck and the release runs to them. The plea of defendants, therefore, in the tort action against them, that plaintiff's contract rights against the Van Beuren Corporation and Buck arising out of the same transaction has been released, is not a defense. The consideration received for the release will be provable under the first defense in diminution of damages.

As plaintiff's third cause of action is predicated upon an alleged breach by the defendants of his special contract with them, which imposed obligations upon the defendants independent of those assumed by the Van Beuren Corporation and Buck to the plaintiff under their contract with him, the first defense pleaded to such cause of action is not good as a complete defense. As a partial defense, however, it may be sustained for the reason that the breach of the contract which is made the basis of this third cause of action is predicated in part upon defendants' unlawful inducement of the breach of plaintiff's contract with the Van Beuren Corporation and Buck. The second defense, considered in connection with this third cause of action, is wholly insufficient for the reasons given in treating it in connection with the first and second causes of action.

It follows, therefore, that the order should be modified and plaintiff's motion granted to the extent of striking out the second defense and striking out the first defense as a complete defense to the third cause of action, and as thus modified affirmed, without costs.

Present — MARTIN, P. J., McAvoy, O'MALLEY, TOWNLEY and GLENNON, JJ.

Order modified by granting plaintiff's motion to the extent of striking out the second defense, and by striking out the first defense as a complete defense to the third cause of action, and as so modified affirmed, without costs.