■ THEODORE R. SAYERS, Appellant-Respondent, v THOMAS J. WATSON et al., Respondents-Appellants.—Order and judgment (two papers), Supreme Court, New York County, entered June 2, 1975 and June 17, 1975, respectively, granting defendants' motion for summary judgment, dismissing both causes of action of the complaint without prejudice to such additional relief

plaintiff may be advised to seek in the Connecticut courts, unanimously modified, on the law, to the extent of reinstating the first cause of action and deleting from the first ordering and first decretal paragraph the phrase "without prejudice to such further relief as plaintiff may be advised to seek in the Connecticut Court," and otherwise affirmed, without costs or disbursements. Theodore R. Sayers owned real property in Connecticut which he used to secure a $25,000 loan from Thomas and Adelaide Watson in June, 1970. The loan was due four months later with 12% interest. Sayers was in default and the Watsons acquired title by a Connecticut strict foreclosure proceeding. Sayers obtained approval to subdivide the property and obtained purchasers therefor. The total land was ultimately sold for $67,000. All parties concede that the true value of the property was greatly in excess of the Watson loan. Plaintiff's claim rests on an alleged oral agreement which, in substance, provided that he would not enter objection to the Connecticut foreclosure, would actively seek purchasers for the property and, after its sale, would receive from the Watsons the difference between the loan plus expenses and the total purchase price. The Watsons contend that Sayers is only entitled to a $4,000 payment, already made, in consideration of his negotiating for the sale of the property. The complaint contains two causes of action. The first pleads the oral agreement between the parties, as already outlined. The second alleges that the loan terms were in violation of the New York statutes related to usury. The answer contained multiple affirmative defenses, including that of the Statute of Frauds, waiver and *res judicata.* We find that the second cause of action claiming that the loan was at a usurious interest rate should be dismissed with prejudice. Any claim regarding usury should have been raised as a defense in the Connecticut foreclosure action. However, with regard to the claimed oral agreement, we find that its terms were to be performed after the foreclosure and are not barred by the Connecticut proceeding. While the claimed oral agreement appears at first to be barred by the Statute of Frauds *(Wheeler v Reynolds,* 66 NY 227), we find that the circumstances underlying the $4,000 payment to Sayers constitute partial performance, which we interpret as unequivocally referable to the oral agreement and therefore not barred by the statute *(Canda v Totten,* 157 NY 281, 289; *Burns v McCormick,* 233 NY 230, 232; cf. *Wilson v Le Van,* 22 NY2d 131). Concur—Stevens, P. J., Kupferman, Lupiano, Capozzoli and Lane, JJ.