[640 NYS2d 927]

GEORGE MOORE, Respondent, v COUNTY OF CLINTON, Defendant, and PACIFIC LIME, INC., et al., Appellants. (And Another Related Action.)

Third Department, April 18, 1996

## APPEARANCES OF COUNSEL

*Iseman, Cunningham, Riester & Hyde, L. L. P.,* Albany *(Michael J. McNeil* of counsel), for Sher-Don Associates, Inc. and another, appellants.

*William E. Russell,* Keeseville, for respondent.

## OPINION OF THE COURT

CASEY, J.

In 1969 defendant Pacific Lime, Inc. commenced a mortgage foreclosure action on a large tract of land in Clinton County.[1] The action was prolonged and while it was pending defendant County of Clinton took title to several parcels in the area of the tract for failure to pay real estate taxes. Having obtained title, the County transferred by tax sale deeds one of the parcels to plaintiff's predecessor in title and another parcel to Lowenberg Development Corporation in care of Ben Clute. A dispute arose as to whether the land described in the tax sale deeds lay within or without the large tract that was the subject of the foreclosure action, which prompted defendants to challenge the validity of the tax sale deeds through an amended complaint in the foreclosure action and a companion RPAPL article 15 proceeding. Subsequently, based on a title consultant's representation that plaintiff's and Clute's parcels did not fall within the large tract, defendants moved to discontinue their claims which challenged the validity of plaintiff's and Clute's tax titles. Supreme Court granted the motion and

---

1. Pacific Lime, Inc. and the other two corporate defendants are interrelated companies which have a common interest in the subject property derived from the final judgment in the foreclosure action. Defendant County of Clinton is not a party to this appeal. Accordingly, "defendants" shall hereinafter refer to the three corporate defendants.

permitted defendants "to discontinue *with prejudice* those portions of [their] amended complaint which challenge the validity of any tax title asserted by [plaintiff and Clute]" (emphasis supplied).

Several years later, plaintiff commenced this action seeking a declaration that plaintiff is the lawful owner of the parcel described in his tax deed. Clute initiated a similar action that was joined with plaintiff's action. Plaintiff and Clute moved for summary judgment. Supreme Court ruled that plaintiff's motion for summary judgment should be granted, but denied Clute's motion because allegations in his complaint did not match the description in Clute's tax deed. Defendants continued to dispute the boundaries of plaintiff's land and plaintiff moved for an order setting forth a more detailed description of his parcel. Supreme Court granted plaintiff's motion and issued an order which set forth a more detailed description of plaintiff's parcel. Defendants appeal from the latter order.

■ Defendants' brief raises two issues.[2] The first, which concerns the validity of plaintiff's tax sale deed, is clearly barred by the order of discontinuance in the foreclosure action. Defendants asserted claims that various tax sale deeds, including plaintiff's deed, were invalid in the foreclosure action and concededly had a full and fair opportunity to litigate the claims in that action. At defendants' request, all claims regarding the validity of tax sale deeds in the foreclosure action were discontinued with prejudice. The discontinuance with prejudice constituted a final disposition of the claims on the merits (*see*, Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3217:13, at 734). The record provides no basis not to give the discontinuance res judicata effect in this litigation on the same claim (*see*, *Forte v Kaneka Am. Corp.*, 110 AD2d 81, 85).

■ Defendants' second argument on appeal is that plaintiff remained a party to the foreclosure action after the discontinuance of defendants' claims regarding the validity of the tax sale deeds and, therefore, plaintiff is bound by the judgment of foreclosure. Thus, according to defendants, plaintiff cannot claim title to any property that falls within the description of the property granted to defendants by the judgment of foreclosure. Defendants contend that their claim is not barred by the prior order of discontinuance because the claim is based upon

---

2. Defendants' reply brief raises a third issue. As the issue was not raised in defendants' main brief, we will not consider it (*see*, *Paige v Rocco*, 214 AD2d 663).

the judgment of foreclosure, which occurred subsequent to the discontinuance. Regardless of the merits of defendants' argument concerning the preclusive effect of the discontinuance, defendants are estopped from claiming that the judgment of foreclosure gives them title which is superior to plaintiff's tax sale deed.

As previously noted, defendants' decision to request discontinuance of their claims regarding the validity of the tax sale deeds in the foreclosure action was based upon an opinion they had obtained which concluded that the parcels described in the tax sale deeds fell outside the large tract of land that was the subject of the foreclosure action. The request for discontinuance was made in the context of defendants' motion for summary judgment in the foreclosure action, which the holders of the tax sale deeds apparently opposed on the ground that it was not clear whether the tax sale parcels were located within or without the mortgaged premises. Defendants sought to discontinue their claims regarding the validity of the tax sale deeds as a means of facilitating their motion for summary judgment. As the attorney for Pacific Lime, Inc., the named plaintiff in the foreclosure action, explained in a letter to Supreme Court in 1982: "The question of whether a portion of the mortgaged premises is within or without the tax sale parcels bears no relevance to a determination of this [summary judgment] motion. [Pacific Lime] has indicated its willingness to discontinue any challenge it now has or may have with respect to the validity of the tax deeds. If [Pacific Lime] is wrong in its assertion that the tax deeds are located outside the mortgaged premises, *it is clear that the \* \* \* judgment of foreclosure and sale will be subject to those tax deeds. That is the risk [Pacific Lime] is willing to accept"* (emphasis supplied).

Having accepted that risk in order to obtain a judgment in the foreclosure action, defendants cannot now claim that the judgment of foreclosure gave them title superior to the tax sale deeds. Defendants' conduct falls within the scope of the doctrine of judicial estoppel, also known as estoppel against inconsistent positions. As this Court explained in *Hinman, Straub, Pigors & Manning v Broder* (124 AD2d 392, 393): "Under this doctrine, 'where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position' (*Davis v Wakelee,* 156 US 680, 689; *accord, Kasmarski v Terranova,* 115 AD2d 640; *Environmental Concern v Larchwood Constr. Corp.,* 101 AD2d 591, 593). \* \* \*

Judicial estoppel generally is applied where a party to an action has secured a judgment in its favor by adopting a certain position and then seeks to take a contrary position in the same action or in another action arising from the judgment (*see, Horn v Bennett*, 253 App Div 630, *lv denied* 278 NY 736)."

Defendants obtained a judgment in their favor in the foreclosure action by representing to Supreme Court that the judgment of foreclosure would be subject to the tax sale deeds if any of the property described in the tax sale deeds was located within the mortgaged premises. Defendants' claim in this action that the judgment of foreclosure gives them title superior to the tax sale deeds is clearly inconsistent with the position taken by defendants in order to obtain the judgment in the foreclosure action. They are, therefore, estopped from changing their position (*see, Shepardson v Town of Schodack*, 195 AD2d 630, 632, *affd* 83 NY2d 894).

Having found no merit in the arguments raised by defendants on this appeal, we will affirm Supreme Court's order.

CARDONA, P. J., MERCURE, WHITE and SPAIN, JJ., concur.

Ordered that the order is affirmed, with costs.