[673 NYS2d 381]

SINGLETON MANAGEMENT, INC., Appellant, v SHAKIM COMPERE, Respondent.

First Department, May 14, 1998

APPEARANCES OF COUNSEL

*Lawrence N. Weiss* of counsel, New York City (*Pantaleoni & Weiss, L. L. P.,* attorneys), for appellant.

*Stewart L. Levy* of counsel, New York City (*Leslie A. Myrow* on the brief; *Eisenberg, Tanchum & Levy,* attorneys), for respondent.

## OPINION OF THE COURT

ELLERIN, J. P.

In this action for tortious interference with contract brought against a noncontracting party, the question before us is the consequential effect, if any, on this action of the settlement and stipulation of discontinuance entered into in a separate action between the contracting parties for a breach of the contract itself.

Plaintiff, a personal manager in the music business, commenced this action for damages arising out of defendant Compere's purported tortious interference with a contract entered into between plaintiff's predecessor, Maureen Singleton, and a singing group known as S.W.V. Under the contract, Singleton was engaged to act as S.W.V.'s sole and exclusive personal manager.

According to plaintiff, in or about February or March of 1996, defendant, with knowledge of the still viable contract between plaintiff and S.W.V., induced S.W.V. to engage him as its manager in plaintiff's stead. Thereafter, S.W.V. repudiated the contract with plaintiff, and plaintiff sued the group for breach. That action was ultimately resolved by a release and stipulation discontinuing the action with prejudice, pursuant to which S.W.V. agreed to pay plaintiff the sum of $225,000.

Defendant moved to dismiss plaintiff's complaint herein pursuant to CPLR 3211 (a) (7) for failure to state a cause of action on the ground that plaintiff was barred by the doctrine of collateral estoppel from asserting the existence of a valid contract, a necessary element of its cause of action for tortious interference with the specific contract.

The IAS Court, while acknowledging that the stipulation of settlement in the prior action "was silent as to the validity, effectiveness and/or breach of the Management Agreement," nonetheless concluded that a "stipulation of discontinuance which specifies that it is 'with prejudice' will, as an adjudication on the merits, have *res judicata* [collateral estoppel] effect in future litigation on the same cause of action" and dismissed the instant action on the ground that the stipulation and release, by discontinuing plaintiff's action against S.W.V. with prejudice, disposed of all underlying issues in S.W.V.'s favor, including all claims regarding the validity or effectiveness of the management agreement.

Since we find that plaintiff's claims are not barred by either res judicata or collateral estoppel, we reverse.

The extent of the preclusive consequences of res judicata and collateral estoppel are sometimes confused, and, indeed, here respondent and the motion court by their references to "the same cause of action" inappropriately rely on principles applicable to the former rather than the latter. It would be helpful therefore, at the outset, to define the two concepts and delineate the essential elements necessary for their respective applications.

The doctrine of res judicata, frequently referred to as "claim preclusion", provides that "as to the parties in a litigation and those in privity with them, a judgment on the merits by a court of competent jurisdiction is conclusive of the issues of fact and questions of law necessarily decided therein in any subsequent action" (*Gramatan Home Investors Corp. v Lopez*, 46 NY2d 481, 485). This doctrine is based on the principle that a "judgment in one action is conclusive in a later one * * * *when the two causes of action have such a measure of identity* that a different judgment in the second would destroy or impair rights or interests established by the first" (*Schuylkill Fuel Corp. v Nieberg Realty Corp.*, 250 NY 304, 306-307 [emphasis added]).

Although collateral estoppel is a corollary to the principles of res judicata, unlike res judicata, which involves *claim preclusion*, collateral estoppel involves *issue preclusion*. It is an equitable doctrine, based upon the general notion that a party, or one in privity with a party, should not be permitted to relitigate an issue that was previously decided against it. There are two requirements that must be satisfied before the doctrine may be invoked. First, the identical issue necessarily must have been decided in the prior action and be decisive in the present action. Second, the party to be precluded from reliti-

gating an issue must have had a full and fair opportunity to contest that prior determination (*D'Arata v New York Cent. Mut. Fire Ins. Co.*, 76 NY2d 659, 664; *Kaufman v Eli Lilly & Co.*, 65 NY2d 449; *see also, Schwartz v Public Adm'r of County of Bronx*, 24 NY2d 65, 71). Where these requirements are met, there is no need, as there is with res judicata, that the cause of action sought to be barred be substantially identical to one decided in the prior action or that the party seeking to invoke the doctrine have had any connection to the prior action (*supra*).

The trial court's observation as to the consequences of a stipulation of discontinuance that specifies that it is "with prejudice" was correct to the extent that such a stipulation may, under proper circumstances, "have res judicata effect in future litigation on the *same cause*."* (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3217:15, at 736 [emphasis added]; *see also, Moore v County of Clinton*, 219 AD2d 131, 133, *lv denied* 89 NY2d 851; *Nottenberg v Walber 985 Co.*, 160 AD2d 574.) The rationale for according preclusive effect to the prior settlement of a cause of action is obvious. There would, otherwise, be no incentive for a defendant to settle if it could not be assured that by doing so it would put to rest the claim brought against it and forever bar that claim from again being litigated against it.

■ It is clear, however, that res judicata, or claim preclusion, would have no relevance to this case since the cause of action against S.W.V., in the action that was settled, was for S.W.V.'s breach of contract, while the cause of action asserted here against defendant Compere is for Compere's tortious interference with that contract. That these are not the same or identical causes of action, but, rather, wholly separate and distinct legal wrongs, giving rise to different causes of action, has long been settled (*see, e.g., Hornstein v Podwitz*, 254 NY 443, 449; *Simon v Noma Elec. Corp.*, 293 NY 171, 177; *Anthony v George T. Bye, Inc.*, 243 App Div 390).

We turn then to the question of whether the settlement and discontinuance with prejudice executed by plaintiff in the prior

* It may be noted that even where the use of such terms as "with prejudice" or "on the merits" raises a presumption that the stipulation is to be given res judicata effect in a subsequent action on the same cause of action (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3217:13, at 734), a court may always consider evidence that the parties intended otherwise (*Dolitsky's Dry Cleaners v Y L Jericho Dry Cleaners*, 203 AD2d 322, 323; *Matter of Horton*, 51 AD2d 856; *see also, Forte v Kaneka Am. Corp.*, 110 AD2d 81, 85).

litigation with S.W.V. can serve as a basis for collateral estoppel on the issue of the validity or effectiveness of the underlying management agreement. The motion court concluded, without amplification, that the stipulation resolved those claims in favor of the "Music Group".

As indicated, the first essential requirement that must be established is that the issue was necessarily decided in the prior action and that plaintiff had a full and fair opportunity to litigate that particular issue. The motion court's conclusion as to the import of the stipulation is rather puzzling in light of its acknowledgment that the stipulation was silent as to the "validity, effectiveness and/or breach of the Management Agreement". It has been observed that since the consequences of a determination that a party is collaterally estopped from litigating a particular issue are great, strict requirements for application of the doctrine must be satisfied to insure that a party not be precluded from obtaining at least one full hearing on his or her claim (*Gramatan Home Investors Corp. v Lopez, supra,* at 485).

The question as to whether a party had a full and fair opportunity to litigate a prior determination involves a practical inquiry into the realities of litigation (*Gilberg v Barbieri,* 53 NY2d 285, 292). Collateral estoppel effect will only be given to matters "actually litigated and determined" in a prior action. Preclusive effect will not be given if the particular issue—in this case, the validity of the underlying contract between plaintiff and S.W.V.—was not "actually litigated, squarely addressed and specifically decided" (*Ross v Medical Liab. Mut. Ins. Co.,* 75 NY2d 825, 826; *Kaufman v Eli Lilly & Co.,* 65 NY2d 449, *supra).* "An issue is not actually litigated if, for example, there has been a default, a confession of liability, [or] a failure to place a matter in issue by proper pleading or *even because of a stipulation*" (*Kaufman v Eli Lilly & Co., supra,* at 456-457 [emphasis added]). In refusing to give collateral estoppel effect to an in-court stipulation settling a prior action, it has aptly been noted that "it can only be assumed that the terms of the settlement became sufficiently attractive to all of the parties in the original action that they decided to forego issue determination by the court" (*Dunleavy v First Am. Tit. Ins. Co.,* 117 AD2d 952, 953) and that " 'settlement of the previous case prior to the entry of judgment operated to finalize the action without regard to the validity of the original claim' " (*Morrison-Knudsen Co. v Continental Cas. Co.,* 181 AD2d 500, 501, quoting *Peterson v Forkey,* 50 AD2d 774, 775;

*see also, Whitman & Ransom v Revson,* 220 AD2d 321; *Ott v Barash,* 109 AD2d 254, 262-263).

■ While defendant properly asserts that the existence of a valid contract between plaintiff and S.W.V. is essential to plaintiff's present claim against defendant Compere (*see, e.g., Lama Holding Co. v Smith Barney,* 88 NY2d 413, 424), that issue was, in fact, never determined in the prior action. Plaintiff's participation in the settlement and discontinuance of that action can in no way be construed to be the kind of determination after a full and fair opportunity to litigate the issue that would be necessary in order to collaterally estop plaintiff from establishing the validity of the contract in the instant case. Therefore, contrary to the motion court, we find that there is no bar to plaintiff pursuing its claim for tortious interference with contract against defendant Compere and that this cause of action should be reinstated. It is pointed out, however, that in order to avoid a double recovery any damages that may be recovered in this action must necessarily be reduced by the amount of the settlement in the prior action (*Anthony v George T. Bye, Inc., supra,* 243 App Div, at 391; *see also, Simon v Noma Elec. Corp., supra,* 293 NY, at 177).

Finally, while we find that the IAS Court erred in dismissing the cause of action based on interference with the management agreement, we do not find that plaintiff's second cause of action, for tortious interference with prospective contractual or business relations, should be reinstated. Plaintiff presumably intends to rely on such cause of action if it is unable to establish the existence of a valid contract between itself and S.W.V. However, plaintiff has failed to sufficiently state a cause of action on this alternative theory since it has made no allegation that defendant, a competitor, used wrongful means to effect the alleged interference (*Guard-Life Corp. v Parker Hardware Mfg. Corp.,* 50 NY2d 183, 191), which is a requisite element of such claim.

Accordingly, the order of the Supreme Court, New York County (Charles Ramos, J.), entered April 28, 1997, which granted defendant's motion to dismiss the complaint, should be modified, on the law, to deny the motion as to the first cause of action and reinstate that cause of action, and otherwise affirmed, without costs.

RUBIN, TOM, MAZZARELLI and ANDRIAS, JJ., concur.

Order, Supreme Court, New York County, entered April 28, 1997, modified, on the law, to deny the motion to dismiss the

complaint as to the first cause of action, the first cause of action reinstated, and otherwise affirmed, without costs.