■ COLOR BY PERGAMENT, INC., Appellant, v O'HENRY's FILM WORKS, INC., et al., Respondents. [717 NYS2d 573] —Order, Supreme Court, New York County (Herman Cahn, J.), entered June 24, 1999, which granted defendants' cross-motion for summary judgment, unanimously reversed, on the law, with costs, the cross-motion denied, and the second through fifth causes of action of the complaint reinstated.

In 1983, plaintiff Color by Pergament, Inc. (Color),[1] executed a shareholders' agreement with its then president (Jeffrey Sinaw), and Mr. Henry Pergament. The agreement contained an arbitration clause, which directed, as relevant, that Mr. Pergament "shall not, directly or indirectly, as shareholder, director, officer, employee, consultant, agent or in any other capacity, compete with the business of the Corporation. For the purpose of this agreement, the business of the Corporation shall be deemed custom film processing."[2]

In 1995, Color learned that O'Henry's Film Works, Inc. (O'Henry's),[3] had been competing with plaintiff's business. Specifically, Color learned that Mr. Pergament, O'Henry's and Ms. Pergament had obtained a computer program containing the names and addresses of Color's customers, and that they

---

1. Color is a corporation which provides custom photographic printing and pre-press services to commercial and professional clients.

2. The parties to the original agreement subsequently executed an amendment allowing Mr. Pergament to: "perform non-commercial retail lab work and/or professional lab work outside the 500-mile radius from the principal office of [Color] and noncommercial retail lab work within such 500-mile radius."

3. O'Henry's is a corporation which provides film developing and copying services for non-commercial clients. Mr. Pergament was a shareholder, officer and member of the Board of Directors of O'Henry's.

were using the list to actively solicit these customers' business. Color asserted a demand for arbitration against Mr. Pergament for, *inter alia*, breach of the non-competition clause and an injunction against further violation thereof. Color also brought this action against O'Henry's and Ms. Ingrid Pergament, non-parties to the shareholders' agreement, in Supreme Court.

The complaint asserted five causes of action: (1) that O'Henry's violated the non-competition clause, as amended, in the shareholders' agreement; (2) that O'Henry's and Ms. Pergament tortiously interfered with the terms of the shareholders' agreement; (3) that Mr. Pergament fraudulently transferred his share of stock in Color to his wife; (4) that both O'Henry's and Ms. Pergament were unjustly enriched; and (5) that O'Henry's and Ms. Pergament should be permanently enjoined from competing with Color's business. The IAS Court dismissed the first cause of action, and stayed the remainder of the complaint, concluding that resolution of the outstanding claims turned on the outcome of the arbitration proceeding between Mr. Pergament and Color.

Thereafter, Mr. Pergament died, and plaintiff withdrew with prejudice its second and sixth claims in arbitration against Mr. Pergament. These claims are relevant to this appeal because they were the only claims which specifically related to Mr. Pergament's alleged breach of the restrictive covenants in the shareholders' agreement and its amendment. Color then moved to lift the stay in this action. Defendants cross-moved for summary judgment, arguing that without a prior determination that Mr. Pergament had violated the non-compete provision of the shareholders' agreement, plaintiff could not prove its claims against these defendants. The IAS Court agreed, and dismissed plaintiff's action on the basis of collateral estoppel. It held that the claims emanated from a prior necessary determination that Mr. Pergament had not violated the non-compete provisions of the agreement. This was error.

Collateral estoppel prohibits the relitigation, by a party, of an issue which has been decided against it in a prior action (*see, e.g., Gramatan Home Investors Corp. v Lopez*, 46 NY2d 481, 485). A party seeking to invoke the doctrine must establish, first, that the identical issue was necessarily decided in the prior action and is decisive in the present action (*Kaufman v Eli Lilly & Co.*, 65 NY2d 449, 455). To prevent the application of the doctrine, an opponent must establish that there was no full and fair opportunity to litigate the issue in the prior proceeding (*D'Arata v New York Cent. Mut. Fire Ins. Co.*, 76

NY2d 659, 664). The "full and fair opportunity" prong is satisfied only if it can be established that the subject issue was actually litigated and determined in the prior action (*Singleton Mgt. v Compere*, 243 AD2d 213, 217). For an issue to have been actually litigated, "it must have been properly raised by the pleadings or otherwise placed in issue and actually determined in the prior proceeding. The rule is founded on considerations of fairness and recognizes that if preclusive effect were given to issues not truly adjudicated the result would be to discourage compromises and to accord them consequences which the parties neither intended nor foresaw" (*Matter of Halyalkar v Board of Regents*, 72 NY2d 261, 268).

Defendants correctly contend that whether Mr. Pergament or O'Henry's breached the shareholders' agreement and amendment, and whether plaintiff, therefore, was entitled to a permanent injunction enjoining these defendants from continuing to compete with plaintiff's business was common to both the arbitration and this action. However, the claims against Mr. Pergament in arbitration which relate to the issues raised in this litigation were voluntarily discontinued with prejudice, and this Court has specifically found that such a disposition does not constitute an adjudication on the merits (*Singleton, supra,* at 217-218).

Finally, although the parties contest whether review of the sufficiency of plaintiff's claims is procedurally proper, we nonetheless conclude that plaintiff has adequately pleaded its second through fifth causes of action, for tortious interference with the shareholders' agreement, fraud, unjust enrichment, and for a permanent injunction restraining the defendants from competing with plaintiff's business, except as provided for in the shareholders' agreement. Concur—Rosenberger, J. P., Nardelli, Williams, Mazzarelli and Wallach, JJ.