[732 NYS2d 793]

In the Matter of Raymond J. Dziedzic, an Attorney, Respondent. Grievance Committee of the Eighth Judicial District, Petitioner.

Fourth Department, November 9, 2001

## APPEARANCES OF COUNSEL

*Margaret C. Callanan, Associate Counsel, Eighth Judicial Grievance Committee,* Buffalo, for petitioner.

*Richard T. Sullivan,* Buffalo, for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court

on June 23, 1988, and maintains an office for the practice of law in Buffalo. The Grievance Committee (petitioner) filed a petition charging respondent with acts of professional misconduct arising from his representation of a client in a personal injury action and from his conduct during petitioner's investigation into the allegations of misconduct. Respondent filed an answer denying certain allegations of the petition and outstanding issues of fact were subsequently resolved by stipulation. Respondent appeared before this Court to submit matters in mitigation.

Respondent admits that he made false statements to a client regarding the status of the client's matter, falsely represented to the client that a settlement had been reached, and presented fictitious documents in support of his misrepresentations. During petitioner's investigation into the client's complaint, respondent made false statements to petitioner's counsel and presented false documents in support of his statements.

We conclude that respondent violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4])—engaging in conduct involving dishonesty, fraud, deceit or misrepresentation;

DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5])—engaging in conduct that is prejudicial to the administration of justice;

DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7])—engaging in conduct that adversely reflects on his fitness as a lawyer; and

DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3])—neglecting a legal matter entrusted to him.

We have considered the matters in mitigation, including the personal problems encountered by respondent following the tragic death of his wife and injuries sustained by his daughter. We note, however, that respondent received three prior Letters of Caution for neglecting a client's matter and failing to cooperate with petitioner's investigation. Accordingly, we conclude that respondent should be suspended for one year and until further order of the Court.

GREEN, J. P., PINE, HAYES, SCUDDER and BURNS, JJ., concur.

Order of suspension entered.