■ LUTHER TRAVIS, Respondent, v FALLANI AND COHN et al., Appellants. [739 NYS2d 675] —Order, Supreme Court, New York

County (Emily Goodman, J.), entered May 17, 2000, which, after a nonjury trial, granted judgment in favor of plaintiff in the sum of $102,590.75, representing guaranteed minimum royalty payments of $32,000 and unpaid royalties of $70,590.75, plus interest from January 1, 1995, unanimously modified, on the law, to the extent of vacating the award of $32,000, and otherwise affirmed, without costs.

The facts of this case, as found by the trial court, are as follows. In 1965, plaintiff entered into an agreement with Fallani & Cohn, Inc. (Old Fallani), predecessor in interest to defendant Fallani and Cohn (New Fallani), to create designs for the company's decorative home products. By the late 1980s, plaintiff was receiving $30,000 a year, payable quarterly, as a "consultant stylist," as well as five percent royalties on printed and woven (jacquard) products that contained his original designs, and a guaranteed minimum royalty of $2,000 on every print tablecloth that contained his original design.

In December 1991, defendant Woodstock Home Furnishings (Woodstock) purchased Old Fallani. Although Woodstock assumed only those obligations of Old Fallani that were specifically enumerated in the asset purchase agreement and Old Fallani's agreement with plaintiff was not among them, Woodstock paid plaintiff his annual fee of $30,000 in 1992, 1993 and 1994, as well as a five percent royalty on certain products he designed, including jacquards. In December 1994, Woodstock owner Larry Kupferschmid (known as Larry Kay) advised plaintiff that New Fallani would not use his design services after January 1995.

In an exchange of letters included in the record, plaintiff reminded Kay that royalties would be owed on existing designs that were still being sold and that there would be royalties due on the latest designs arriving for the February market, which he also offered "to correct, fix or do what is necessary to make them best." Kay replied that plaintiff would continue to receive royalties on printed designs for which he had provided final and completed artwork but that all other products were developed on a "work for hire" basis and were the sole property of New Fallani, and that therefore no royalties would be paid on sales of those products.

The evidence of the agreement between New Fallani and plaintiff was introduced through Thomas Cohn, a principal of Old Fallani, who, pursuant to a contract with Woodstock, served as President of New Fallani from 1992 to 1994. Cohn testified that Old Fallani's agreement with plaintiff continued after Woodstock purchased Old Fallani. He also testified that,

at plaintiff's request, he checked into an incomplete royalty statement for the third quarter of 1994, discovered that some products had been omitted from the sales reports used to generate royalty reports, and had those reports recalculated. Kay's testimony was that his approval of royalty payments was inadvertent and that the royalties plaintiff claims are due him on jacquards were included in the $30,000 he received. Crediting Cohn's testimony and rejecting Kay's, the trial court found that there was an oral agreement between New Fallani and plaintiff for $30,000 a year plus five percent royalties and minimum guaranteed royalties of $2,000 on tablecloth designs.

We will not disturb the decision of the fact-finding court "unless it is obvious that the court's conclusions could not be reached under any fair interpretation of the evidence, especially when the findings of fact rest in large measure on considerations relating to the credibility of witnesses" (*Kronish v Koffman*, 199 AD2d 136, 137 [internal quotation marks omitted], quoting *Claridge Gardens v Menotti*, 160 AD2d 544, 544-545). We find that the evidence supports the court's determination to the extent that there was an agreement for $30,000 annually and five percent royalties. Woodstock paid plaintiff the $30,000 for the relevant period and royalties for some but not all of the products that contained his original designs. Plaintiff performed his part of the agreement, including original designs for jacquards, which he kept track of for purposes of royalty payments. The parties' conduct demonstrates that there was an oral agreement and that plaintiff's creation of original designs for jacquard products was unequivocally referable to that agreement, which therefore is not barred by the statute of frauds (*see, Rose v Spa Realty Assoc.*, 42 NY2d 338, 343-344; *Sayers v Watson*, 52 AD2d 802, 803). We find no evidence in the conduct of the parties, however, that indicates agreement by Woodstock to pay plaintiff the guaranteed minimum royalties he claims. Concur—Nardelli, J.P., Mazzarelli, Saxe, Sullivan and Ellerin, JJ.