■ NORTH SHORE-LONG ISLAND JEWISH HEALTH SYSTEM, INC., et al., Appellants, v AETNA US HEALTHCARE, INC., et al., Respondents. [811 NYS2d 424]—

In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Peck, J.), entered February 27, 2003, which granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (5) to dismiss the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (5) to dismiss the second, third, and fourth causes of action and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, with costs to the plaintiffs, and the second, third, and fourth causes of action are reinstated.

A stipulation of discontinuance which specifies that it is "with prejudice" raises a presumption that the "stipulation is to be given res judicata effect in a future litigation" on the same cause of action (*Singleton Mgt. v Compere*, 243 AD2d 213, 216 [1998], quoting Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3217:15 at 748; *see Moore v County of Clinton*, 219 AD2d 131 [1996]).

Here, however, it is clear that res judicata would have no relevance to the plaintiffs' causes of action to recover damages for tortious interference with contract, since the claims settled in an arbitration proceeding between the plaintiff MBS-IPA, Inc., and the defendant NYLCare Health Plans, Inc., were for breach of contract and failure to reimburse medical payments (*see Singleton Mgt. v Compere, supra* at 216). "That these are not the same or identical causes of action, but, rather, wholly separate and distinct legal wrongs, giving rise to different causes of action, has long been settled" (*id.; see e.g. Hornstein v Podwitz*, 254 NY 443, 449 [1930]).

The question then remains whether the arbitration settlement and stipulation of discontinuance with prejudice can serve as a basis for collateral estoppel on the issue of tortious interference. "[S]ince the consequences of a determination that a party is collaterally estopped from litigating a particular issue are great, strict requirements for application of the doctrine must be satisfied to insure that a party not be precluded from obtaining at least one full hearing on his or her claim" (*Singleton Mgt. v Compere, supra* at 217). Preclusive effect will not be given if the particular issue was not "actually litigated, squarely addressed and specifically decided" (*Ross v Medical Liab. Mut. Ins. Co.*, 75 NY2d 825, 826 [1990]). An issue is not actually

litigated if there has been "a failure to place a matter in issue by proper pleading or even because of a *stipulation*" (*Kaufman v Eli Lilly & Co.*, 65 NY2d 449, 457 [1985] [emphasis added]). Here, the issue of tortious interference was never determined in the prior arbitration proceeding, and MBS-IPA's participation in the settlement and discontinuance of the arbitration proceeding cannot be construed to be the kind of determination following a full and fair opportunity to litigate the issue that would be necessary to collaterally estop the plaintiffs from establishing tortious interference by the defendants Aetna US Healthcare, Inc., and Aetna, Inc.

Further, the plaintiffs' claim for punitive damages is not barred by res judicata or collateral estoppel as New York law prohibits arbitrators from awarding punitive damages (*see Belco Petroleum Corp. v AIG Oil Rig*, 164 AD2d 583 [1991]).

The parties' remaining contentions are without merit. Schmidt, J.P., Mastro, Rivera and Skelos, JJ., concur.