■ VLADIMIR SUDIT, Doing Business as VS INTERNATIONAL, Respondent, v ELI ELIAV et al., Appellants, et al., Defendants. [872 NYS2d 138]—

The Supreme Court erred in granting, on condition, those branches of the plaintiff's motion which were for summary judgment against the appellant Bank of America, N.A. (hereinafter Bank of America), which had issued a mortgage on a condominium unit in the subject building in April 2005 and the appellant Eli Eliav, the owner of a condominium unit in the subject building, and for the appointment of a referee to compute.

In opposition to the plaintiff's prima facie showing of entitlement to summary judgment, both Bank of America and Eliav raised a triable issue of fact as to whether the 1997 mortgages had been orally modified, whether there had been part performance of the alleged oral agreement, and whether such part performance was unequivocally referable to the alleged oral agreement (see Messner Vetere Berger McNamee Schmetterer Euro RSCG v Aegis Group, 93 NY2d 229, 235-236 [1999]; Anostario v Vicinanzo, 59 NY2d 662, 664 [1983]; Rose v Spa Realty Assoc., 42 NY2d 338, 343-344 [1977]; Luft v Luft, 52 AD3d 479, 480-481 [2008]; Travis v Fallani & Cohn, 292 AD2d 242, 244 [2002]; Sarcona v DeGiaimo, 226 AD2d 1143 [1996]; General Obligations Law §§ 5-703, 15-301 [1], [2]).

Eliav's cross motion for summary judgment dismissing the complaint insofar as asserted against him was properly denied, as Eliav failed to establish, as a matter of law, that a discontinuance of an action regarding the condominium unit owned by him was with prejudice (cf. North Shore-Long Is. Jewish Health Sys., Inc. v Aetna US Healthcare, Inc., 27 AD3d 439, 440 [2006]; Singleton Mgt. v Compere, 243 AD2d 213, 216 [1998]).

In light of our determination, a joint trial of the instant action with the two related actions would be inappropriate, as it would result in prejudice to a substantial right of Eliav and Bank of America (see Skelly v Sachem Cent. School Dist., 309 AD2d 917, 917-918 [2003]).

The parties' remaining contentions either have been rendered academic in light of our determination or are without merit. Spolzino, J.P., Dillon, Carni and Leventhal, JJ., concur.