■ PANASIA ESTATE, INC., Respondent-Appellant, v DANIEL R. BROCHE, Defendant, and PROPERTY 51 LLC et al., Appellants-Respondents. [996 NYS2d 263]—

Judgment, Supreme Court, New York County (Joan M. Ken-

ney, J.), entered July 1, 2013, to the extent appealed from as limited by the briefs, confirming the Special Referee's report, which awarded plaintiff damages for waste, plus prejudgment interest from August 26, 2010 to the date of entry of judgment, and which denied plaintiff damages for lost rent, unanimously modified, on the law and the facts, to the extent of rejecting so much of the Referee's report as denied plaintiff damages for lost rent actually received by defendants Property 51 LLC and Property 215 LLC, and awarding plaintiff $582,254.64 for rents actually received by those defendants, plus prejudgment interest, and otherwise affirmed, without costs.

Plaintiff contracted with defendant Broche to purchase two properties located in Manhattan for $5.5 million. Before closing, however, Broche contracted with defendant Property 215 LLC to convey the same properties to it, and subsequently conveyed them to defendant Property 51 LLC as Property 215 LLC's assignee. Supreme Court granted plaintiff partial summary judgment on liability on its causes of action against Broche for breach of the covenant of good faith and fair dealing and on its causes of action against Property 215 LLC and Property 51 LLC (collectively the Property defendants) for tortious interference with contract.

Thereafter, Supreme Court granted plaintiff summary judgment on its cause of action against Broche for specific performance and ordered a hearing on a purchase price abatement to determine the diminution of value between what Broche had contracted to convey and what he conveyed. Thereafter plaintiff settled its claims against Broche for a purchase price abatement of $1.75 million and plaintiff's damages claim against the Property defendants for tortious interference proceeded to a special referee.

The Referee's report, confirmed by Supreme Court, correctly concluded that the damages plaintiff sought from the Property defendants for waste of the subject properties during the time that they wrongfully deprived plaintiff of possession were not duplicative of any recovery resulting from plaintiff's settlement with Broche. The Referee's report further correctly concluded that loss of the rent roll for tenants who vacated the premises was reflected in plaintiff's settlement with Broche, precluding plaintiff from also recovering for this item of damages against the Property defendants (*Singleton Mgt. v Compere*, 243 AD2d 213, 218 [1st Dept 1998]). However, three tenants remained at the premises, for which the Property defendants charged $17,644.08 monthly during the 33 months they were in possession of the properties (May 2009 through January 2012).

Plaintiff was entitled to recover these rents with prejudgment interest accruing from the date each monthly installment was due. We note that defendants did not preserve for appeal any argument that they are entitled to an offset against these rents for improvements they may have made, and expenses they may have incurred, during their possession. The Referee specifically determined that they were not so entitled, and they did not seek to have that finding rejected.

Property 215 LLC is liable for damages for its tortious interference with plaintiff's contract with Broche, even if Broche's breach of the contract did not occur until it conveyed the subject properties to Property 51 LLC. Property 215 LLC cannot avoid liability for damages by assigning its purchase contract with Broche to Property 51 LLC before closing.

The testimony of plaintiff's architect as to waste damages was not speculative, and the date from which Supreme Court set prejudgment interest to accrue was not arbitrary but was in accordance with CPLR 5002. Concur—Mazzarelli, J.P., Sweeny, Moskowitz, Richter and Feinman, JJ.