| |
|---|
| **Shouela v Shouela** |
| 2024 NY Slip Op 30572(U) |
| February 23, 2024 |
| Supreme Court, Kings County |
| Docket Number: Index No. 501280/2021 |
| Judge: Leon Ruchelsman |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS : CIVIL TERM: COMMERCIAL 8
------------------------------------------x
ELI SHOUELA,

                            Plaintiff,

           - against -

ISAAC SHOUELA and 1515 CHURCH AVENUE
REALTY LLC,

                        Defendants,
------------------------------------------x
PRESENT: HON. LEON RUCHELSMAN

Decision and order

Index No. 501280/2021

February 23, 2024

Motion Seq. #4

       The plaintiff has moved seeking to vacate a stipulation entered between the parties on January 9, 2023. The defendants oppose the motion. Papers were submitted by the parties and arguments held. After reviewing all the arguments this court now makes the following determination.

       As recorded in a prior order, the plaintiff Eli and Isaac are brothers. While Eli was involved in a divorce proceeding, his brother Isaac recommended that Eli transfer properties to him to avoid satisfying any divorce judgement and that when such divorce proceeding terminated he would transfer the properties back to Eli. Eli accepted that advice and in October and November 2015 Eli transferred properties located at 1797 East 22 Street, 1821 East 22 Street, 1946 East 21 Street and 1721 East 8 Street all located in Kings County. After the conclusion of the divorce proceedings Eli asked Isaac to return the properties and Isaac refused. This lawsuit followed.

       On January 9, 2023 the parties entered into a stipulation

[* 1]

canceling the notice of pendency filed concerning 1515 Church Avenue Realty LLC and all claims regarding the Church Avenue Premises, with prejudice. The plaintiff now moves seeking to vacate that stipulation on the grounds the stipulation should have only included language the claims were dismissed without prejudice. The plaintiff argues he specifically instructed his counsel to only agree to dismiss the claims without prejudice. The plaintiff seeks to vacate that stipulation and amend the complaint seeking to assert causes of action for a constructive trust and other claims regarding that property. The defendant opposes the motion arguing there is no basis upon which to vacate the stipulation.

## Conclusions of Law

It is generally true that absent fraud, collusion or mistake a stipulation that is fair on its face will be enforced (Berghoff v. Berghoff, 8 AD3d 519, 779 NYS2d 215 [2d Dept., 2004]). Any argument that a mistake was made as grounds in which to vacate the stipulation must be a mutual one proved by clear and convincing evidence (In Re Janet L., 287 AD2d 865, 731 NYS2d 299 [3rd Dept., 2001]) and the mistake must be of a nature which then does not reflect the meeting of the minds between the parties (Vermilyea v. Vermilyea, 224 AD2d 759, 636 NYS2d 953 [3rd Dept., 1996]). Therefore, the assertion that the stipulation was erroneous would generally be an insufficient basis upon which to vacate the

2

stipulation (see, Natole v. Natole, 256 AD2d 558, 682 NYS2d 864 [2d Dept., 1998]). This is especially true where there was only a unilateral mistake without any evidence of fraud, duress or other inequitable conduct that would demand that the stipulation be vacated (Village of Waterford v. Camproni, 200 AD2d 930, 607 NYS2d 433 [3rd Dept., 1994]).

The plaintiff asserts that he emailed his prior counsel and indicated the stipulation should be executed 'without prejudice' to secure claims that may arise in the future (see, email from Eli Shouela, dated January 9, 2023 [NYSCEF Doc. No. 71]). Further, counsel for the plaintiff electronically signed the stipulation the following day (see, Stipulation of Partial Discontinuance [NYSCEF Doc. No. 61]). Even if Eli's counsel saw the email from Eli prior to completing the stipulation and ignored that request, at its core that is merely a unilateral mistake which is not grounds to vacate the stipulation. The case of Structured Asset Sales Group LLC v. Freeman, 45 AD3d 327, 844 NYS2d 699 [1st Dept., 2007] is instructive. In that case the plaintiff entered into a stipulation to discontinue an action 'with prejudice'. The plaintiff then sought to vacate the stipulation on the grounds they did not realize the stipulation was 'with prejudice'. The court denied the request noting the plaintiff possessed the stipulation for two months before signing it. In this case, the plaintiff and his counsel surely maintained the stipulation prior to executing it and

3

[* 3]

any mistake in its drafting is not grounds to vacate it (see, Tata v. City of New York and 129 West 29th Associates, 2010 WL 4093943 [Supreme Court New York County 2010]). In a case where all the parties and the court clearly contemplated the claims were being dismissed without prejudice and somehow the language of the stipulation included the words 'with prejudice' then a different result may be appropriate (see, Karniol v. Good Move Trucking Inc., 281 AD2d 287, 722 NYS2d 143 [1st Dept., 2001]). However, the natural understanding of the stipulation, that the claims were being dismissed with prejudice to provide finality to the matters, is readily apparent (Singleton Management Inc., v. Compere, 243 AD2d 213, 673 NYS2d 381 [1st Dept., 1998]). Therefore, there is no basis in which to vacate the stipulation.

Moreover, a party seeking to vacate a stipulation must do so with reasonable promptness (see, Hallock v. State of New York, 64 NY2d 224, 485 NYS2d 510 [1984]). In this case the stipulation was executed in January and the motion seeking to vacate the stipulation was filed in July, six months later. There has been no explanation for the long delay in seeking its vacatur.

Therefore, based on the foregoing, the motions seeking to vacate the stipulation and to amend the complaint are denied.

So ordered.

                                    ENTER:

DATED: February 23, 2023
       Brooklyn N.Y.                _____
                                    Hon. Leon Ruchelsman
                                    JSC

                                        4

[* 4]