Rothman v Sandra Radna, P.C. (2024 NY Slip Op 02102)

Rothman v Sandra Radna, P.C.

2024 NY Slip Op 02102

Decided on April 18, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 18, 2024

Before: Renwick, P.J., Kapnick, Shulman, Rosado, O'Neill Levy, JJ.

Index No. 152678/23 Appeal No. 2090 Case No. 2023-05333 

[*1]Michele Rothman, Plaintiff-Respondent,
v
Sandra Radna, P.C., et al., Defendants-Appellants.

Traub Lieberman Straus & Shrewsberry LLP, Hawthorne (Lisa L. Shrewsberry of counsel), for appellants.
Alexander Potruch, LLC, Garden City (Alexander Potruch of counsel), for respondent.

Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered October 19, 2023, which, insofar as appealed from, denied defendants' motion to dismiss plaintiff's complaint alleging legal malpractice for defendants' failure to present expert testimony of medical and financial witnesses at trial, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
Plaintiff previously litigated whether defendants were entitled to a fee in her matrimonial action. As one basis for her motion to vacate defendants' charging lien, plaintiff asserted that the failure of defendants to present expert evidence regarding domestic abuse and the valuation of the family's closely held company constituted malpractice. An evidentiary hearing was directed on the motion, during which plaintiff agreed by stipulation to withdraw her motion to vacate the charging lien with prejudice and to authorize the fee at issue to be withdrawn from counsel's Divorce IOLA account. However, in her amended complaint in this action, plaintiff reasserted that same claim for malpractice. Where a client has challenged and lost on the issue of whether counsel is entitled to a fee, that determination collaterally estops a subsequent claim for legal malpractice (Koppelman v Liddle, O'Connor, Finkelstein & Robinson, 246 AD2d 365, 366 [1st Dept 1998]). That the matter was resolved by stipulation does not make a difference. It is generally presumed that a withdrawal made "with prejudice" has preclusive effect (see North Shore-Long Is. Jewish Health Sys., Inc. v Aetna US Healthcare, Inc., 27 AD3d 439, 440 [2d Dept 2006]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 18, 2024