**Polevoy v BP/CGCenter II LLC**

2025 NY Slip Op 31389(U)

April 21, 2025

Supreme Court, New York County

Docket Number: Index No. 150689/2022

Judge: Mary V. Rosado

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. MARY V. ROSADO**                    PART          **33M**

                                          *Justice*

-------------------------------------------------------------------------X

VICTORIA POLEVOY,                         INDEX NO.        150689/2022

                                          MOTION DATE      02/26/2024
                           Plaintiff,
                                          MOTION SEQ. NO.       001
- v -

BP/CGCENTER II LLC,CITICORP NORTH AMERICA,
INC.,CITIGROUP, INC.,CITIBANK, N.A., JRM
CONSTRUCTION MANAGEMENT, LLC., J.T. MAGEN &           **DECISION + ORDER ON
COMPANY, INC.,AND, EUROTECH CONSTRUCTION                   MOTION**
CORP.,

                           Defendant.

-----------------------------------------------------------------------X

BP/CGCENTER II LLC,                                  Third-Party
                                              Index No. 595161/2022
                           Plaintiff,

-against-

BLACKSTONE ADMINISTRATIVE SERVICES PARTNERSHIP
L.P.

                           Defendant.

------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 79
were read on this motion to/for            SUMMARY JUDGMENT(AFTER JOINDER          .

Upon the foregoing documents, and after oral argument, which took place on February 11, 2025, where Justin V. White, Esq. appeared for the Plaintiff Victoria Polevoy ("Plaintiff"), Jamie Packer, Esq. appeared for Defendant Eurotech Construction Corp. ("Eurotech"), and Luigi Tollis, Esq. appeared for Defendants BP/CGCenter II LLC ("Boston Properties") and JRM Construction Management, LLC ("JRM"), Boston Properties and JRM's motion for summary judgment dismissing Plaintiff's Complaint and all crossclaims asserted against it, and seeking summary

150689/2022  POLEVOY, VICTORIA vs. BP/CGCENTER II LLC, ET AL          Page 1 of 6
Motion No. 001

1 of 6

judgment on their cross-claims for contractual indemnification and breach of contract against Defendant Eurotech, is granted in part and denied in part.[1]

## I.     Background

On July 30, 2020, Plaintiff was working for non-party Allied Universal at 601-892 Lexington Avenue, New York, New York (the "Premises") when she allegedly fell on sheetrock on the floor of the Premises' loading dock (NYSCEF Doc. 62 at 68-69). The sheetrock was delivered for ongoing renovations to Third-Party Defendant Blackstone's leased space on the 21st floor of the Premises (NYSCEF Doc. 64 at 35-36). JRM was the general contractor supervising the renovation (*Id.*). Boston Properties owned the Premises (NYSCEF Doc. 64 at 12). Defendant Eurotech was the subcontractor receiving the sheetrock delivery.

A Eurotech representative testified it was responsible for unloading its materials safely (NYSCEF Doc. 66 at 49-50). At the time of Plaintiff's accident, the delivery had been completed and Eurotech's foreman had left the dock to move material to another floor, leaving some material unattended (NYSCEF Doc. 66 at 71-73; 111). According to the JRM incident report, a JRM employee was "covering" the delivery of the sheetrock (NYSCEF Doc. 65 at 71-72) JRM also testified it was responsible for scheduling and coordinating the subcontractors on the construction site (NYSCEF Doc. 65 at 112)., Defendants Boston Properties and JRM seek summary judgment dismissing Plaintiff's Complaint and any crossclaims and counterclaims asserted against them and summary judgment on their crossclaims for contractual indemnification and breach of contract against Eurotech.[2]

---

[1] The Third-Party Complaint was discontinued against Third-Party Defendant Blackstone Administrative Services Partnership L.P. ("Blackstone") on March 26, 2022 (NYSCEF Doc. 31), and all claims and crossclaims asserted against Defendants Citicorp North America, Inc., Citigroup, Inc., Citibank, N.A., and J.T. Magen & Company, Inc. were discontinued on July 28, 2023 (NYSCEF Doc. 42).

[2] Although they seek dismissal of Plaintiff's Complaint and any crossclaims and counterclaims asserted against them in their notice of motion, in their motion papers, Boston Properties and JRM only provided legal arguments for dismissal of Plaintiff's Complaint in their motion papers (*see* NYSCEF Doc. 49).

**150689/2022  POLEVOY, VICTORIA vs. BP/CGCENTER II LLC, ET AL**
**Motion No. 001**

Page 2 of 6

## II.    Discussion

### A.  Standard

"Summary judgment is a drastic remedy, to be granted only where the moving party has tendered sufficient evidence to demonstrate the absence of any material issues of fact." (*Vega v Restani Const. Corp.*, 18 NY3d 499, 503 [2012]). The moving party's "burden is a heavy one and on a motion for summary judgment, facts must be viewed in the light most favorable to the non-moving party." (*Jacobsen v New York City Health and Hosps. Corp.*, 22 NY3d 824, 833 [2014]). Once this showing is made, the burden shifts to the party opposing the motion to produce evidentiary proof, in admissible form, sufficient to establish the existence of material issues of fact which require a trial (*See e.g., Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

### B.  Summary Judgment Dismissing Plaintiff's Complaint

Viewing the facts in the light most favorable to the non-movants, the Court denies Boston Properties and JRM's motion for summary judgment dismissing Plaintiff's Complaint. JRM admitted that a JRM employee named Eddie Ward was "covering" the delivery when Plaintiff was injured (NYSCEF Doc. 65 at 71-72) and JRM's employees' were responsible for keeping the site clean (*Id.* at 55). Moreover, JRM's representative testified that JRM's supers and laborers monitored the ongoing work to ensure the Premises were kept safe and clean (NYSCEF Doc. 65 at 117). Further, JRM testified once a delivery was complete, it was its laborers' responsibility to ensure the dock was clean and safe (NYSCEF Doc. 65 at 55-57). Based on this testimony, a jury could conclude that a JRM employee was or should have been present at the site of Plaintiff's fall and may have been able to remedy the condition which allegedly caused her fall.

Because there was a JRM employee assigned to the delivery during Plaintiff's injury, there is an issue of fact as to JRM's notice of the presence of the material which allegedly caused

**150689/2022   POLEVOY, VICTORIA vs. BP/CGCENTER II LLC, ET AL**
**Motion No.  001**

**Page 3 of 6**

3 of 6

[* 3]

Plaintiff's fall (*see, e.g. Licata v AB Green Gansevoort, LLC*, 158 AD3d 487, 489-490 [1st Dept 2018]).There is likewise an issue of fact as to the degree of control JRM exercised or could have exercised over Eurotech which precludes summary judgment (NYSCEF Doc. 78). Pursuant to its safety commitment policy, JRM had the authority to discipline its subcontractors for unsafe practices and all JRM employees had the right to voice concerns of non-compliance with a safety policy (*Gonzalez v G. Fazio Const. Co., Inc.*, 176 AD3d 610, 611 [1st Dept 2019]; *Kutza v Bovis Lend Lease LMB, Inc.*, 95 AD3d 590, 591 [1st Dept 2012]).

Finally, the Court rejects Boston Properties and JRM's argument that because Plaintiff voluntarily discontinued a prior action then this action is barred due to *res judicata*. Where an action is voluntarily discontinued it is presumed that the discontinuance does not constitute an adjudication on the merits to give it preclusive effect (*Color by Pergament, Inc. v O'Henry's Film Works, Inc.*, 278 AD2d 92, 94 [1st Dept 2000]). Although a stipulation of discontinuance that specifies it is "with prejudice" may be given *res judicata* effect, the Court can consider other evidence, the equities, and the interest of justice to determine whether the voluntary discontinuance was intended to have preclusive effect (*Singleton Management, Inc. v Compere*, 243 AD2d 213, 216 n.1 [1st Dept 1998]; *Forte v Kaneka America Corp.*, 110 AD2d 81, 84 [2d Dept 1985]).

Here, the Court finds the parties did not intend for the voluntarily discontinuance of the prior action to have preclusive effect. There are no settlement payments or executed releases in the record, and the Court may infer if they existed the parties would have moved to dismiss this action based on the terms of a release. Moreover, this case has been litigated through discovery, with numerous depositions and court conferences, and the voluntary discontinuance was never raised. The parties' conduct in this action is evidence the voluntary discontinuance was not intended to be

150689/2022 POLEVOY, VICTORIA vs. BP/CGCENTER II LLC, ET AL Page 4 of 6
Motion No. 001

4 of 6

given preclusive effect. Therefore, the motion for summary judgment dismissing Plaintiff's Complaint is denied.

### C. Crossclaims against Eurotech

Boston Properties and JRM's motion for summary judgment on their crossclaims against Eurotech for contractual indemnification and breach of contract for failure to procure insurance is granted in part and denied in part. The indemnification clause found in § 10.1 of the master subcontractor agreement executed by Eurotech and JRM (NYSCEF Doc. 66 at 188) provides:

> "To the fullest extent permitted by law, [Eurotech] shall indemnify, defend, and hold harmless [Boston Properties]...[JRM] and [JRM]'s laborers....from and against any claims, damages, losses, liabilities...and expenses, including but not limited to attorney's fees, arising out of and in connection with injuries...or damage to property...resulting from performance of the Work caused or alleged to be caused in whole or in any part by a violation of any law, ordinance, or regulation or by any negligent or willful act or omission...arising out of Work by [Eurotech] or anyone directly or indirectly employed by [Eurotech] or anyone for whose acts [Eurotech] may be liable."

Boston Properties and JRM's motion is granted to the extent that they are entitled to contractual indemnification from Eurotech conditioned on a finding of negligence against Eurotech (*see Hartrum v Montefiore Hospital Housing Section II Inc.*, 2025 N.Y. Slip Op. 02008 at *2 [1st Dept 2025]). The indemnification clause is triggered to the extent Plaintiff's injuries allegedly arose from the delivery of materials to Eurotech. There is no evidence that Boston Properties and JRM were the sole proximate cause of Plaintiff's accident which would preclude a conditional grant of summary judgment on their contractual indemnification crossclaims (*cf. Quiroz v New York Presbyterian/Columbia University Med. Cent.*, 202 AD3d 555, 556-557 [1st Dept 2022]). However, because there is not yet a finding of negligence against Eurotech, and there remain issues of fact as to whether Boston Properties and JRM may be found negligent, Boston Properties and JRM are not entitled to an unconditional grant of summary judgment on their

150689/2022  POLEVOY, VICTORIA vs. BP/CGCENTER II LLC, ET AL
Page 5 of 6
Motion No. 001

[* 5]                                              5 of 6

crossclaim (*Agard v Port Auth. of N.Y. and N.J.*, 227 AD3d 404, 405 [1st Dept 2024]; *Travalja v 135 West 52nd Street Owner LLC*, 232 AD3d 503, 505 [1st Dept 2024]).

Boston Properties and JRM's motion is denied to the extent they allege Eurotech breached its contractual obligation to procure insurance. A party moving for summary judgment for failure to procure insurance must show correspondence from the insurer of the party against whom summary judgment is sought indicating the moving party was not named as an insured (*Dorset v 285 Madison Owner LLC*, 214 AD3d 402 [1st Dept 2023]). Here, Eurotech's insurer is providing Boston Properties and JRM with a defense as an additional insured (NYSCEF Doc. 69).

Accordingly, it is hereby,

ORDERED that Boston Properties and JRM's motion for summary judgment is granted solely to the extent that Boston Properties and JRM are granted summary judgment on their contractual indemnification crossclaims against Eurotech only to the extent that the trier of fact apportions negligence to Eurotech; and it is further

ORDERED that Boston Properties and JRM's motion for summary judgment is otherwise denied; and it is further

ORDERED that within ten days of entry, counsel for Plaintiff shall serve a copy of this Decision and Order, with notice of entry, on all parties via NYSCEF.

This constitutes the Decision and Order of the Court.

| 4/21/2025 | | | *Mey V Rosd. JSC* |
|-----------|--|--|--------------------|
| DATE | | | HON. MARY V. ROSADO, J.S.C. |

| CHECK ONE: | | CASE DISPOSED | x | NON-FINAL DISPOSITION | | |
|------------|--|---------------|---|-----------------------|--|--|
| | | GRANTED | | DENIED | x | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

150689/2022   POLEVOY, VICTORIA vs. BP/CGCENTER II LLC, ET AL          Page 6 of 6
Motion No. 001

6 of 6