■ AETNA CASUALTY & SURETY Co., Individually and as Subrogee of Magda Reisini, et al., Respondents, v MERCHANTS MUTUAL INSURANCE Co. et al., Appellants, et al., Defendant. — Order, Supreme Court, New York County (Blyn, J.), entered May 12, 1981, which, *inter alia,* denied the motions of defendants Merchants Mutual and Ross, Rowan & Kane for an order pursuant to CPLR 3014 and 3024 (subd [a]) directing plaintiff to state. and number separately each cause of action, unanimously reversed, on the law, with costs and disbursements, and the motion granted and the complaint dismissed with leave to replead within 24 days of service of a copy of this order. Aetna, an excess insurer, as subrogee and in its own right, has sued several defendants, including the primary insurer and its house counsel. Plaintiff alleged bad faith, breach of contract, investigative failures, malpractice and breach of duty arising out of said defendants' inadequacies in handling a third-party claim against the insured, and claims that as a result of such conduct it was forced to pay $246,000 after verdict and judgment. The complaint, a veritable novella, consisting of 42 pages and 104 paragraphs, one of which is 11 pages in length, includes quotations from testimony at the trial of the underlying action, examinations before trial and documents received in evidence, as well as the trial court's charge on contributory negligence. It is, in our view, a prime example of a loosely drawn, verbose and poorly organized pleading, and is totally at variance with the requirements of CPLR 3014 that a "pleading shall consist of plain and concise statements in consecutively numbered paragraphs * * * separately stated and numbered". (See *Foley v D'Agostino,* 21 AD2d 60.) Moreover, the first four causes of action are pleaded against all defendants collectively without any specification as to the precise tortious conduct charged to a particular defendant. A defendant is entitled to notice of "the material elements of each cause of action". (CPLR 3013.) Defendants cannot reasonably be required to frame a response to the complaint in its present state. Accordingly, the complaint is dismissed with leave to replead. Concur — Sandler, J. P., Sullivan, Carro, Markewich and Lupiano, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BARBARA THURESON, Appellant. — Judgment, Supreme Court, New York County (Rothwax, J.), rendered June 6, 1979, convicting her, upon a guilty plea, of robbery in the second degree, and sentencing her to an indeterminate term of two to four years, unanimously modified, on the law, to the extent of vacating the sentence and remanding the matter to the sentencing court and, except as thus modified, affirmed. When defendant pleaded guilty to robbery in the second degree, a class C violent felony, the court informed her that it intended to impose the minimum sentence allowable "for the class C felony to which you are pleading." The court stated that the minimum sentence that it could impose was from 2 to 6 years. The statutory minimum sentence, however, for a class C violent felony is 1½ to 4½ years. (Penal Law, § 70.02, subds 3, 4.) Ultimately defendant was sentenced to 2 to 6 years. Inasmuch as it is not clear whether the court intended to impose the legal minimum sentence, or whether it believed that a sentence of 2 to 6 years was the minimum sentence it should entertain, the case should be remanded to the sentencing court to permit the court to clarify its position. It should be noted that the People, with commendable forthrightness, have suggested just such a remand. Concur — Sandler, J. P., Sullivan, Carro, Markewich and Lupiano, JJ.