■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REYNALDO AQUEVARENO, Appellant. [792 NYS2d 465]—

Judgment, Supreme Court, New York County (Robert H. Straus, J.), rendered December 1, 2003, convicting defendant, after a jury trial, of burglary in the third degree, and sentencing him, as a second felony offender, to a term of $2\frac{1}{2}$ to 5 years, unanimously affirmed.

The court's jury instruction concerning the effect of lack of evidence, taken as a whole and in context of the court's instructions, was sufficiently balanced and did not undermine defendant's defense (*see People v Jiovani*, 258 AD2d 277 [1999], *lv denied* 93 NY2d 900 [1999]; *see also People v Lilly*, 264 AD2d 684 [1999], *lv denied* 94 NY2d 825 [1999]; *People v Kramer*, 240 AD2d 204 [1997], *lv denied* 91 NY2d 875 [1997]).

The court provided a meaningful response when it correctly advised the deliberating jury that a matter it appeared to be raising in its note presented no factual question for the jury to resolve (*see People v Malloy*, 55 NY2d 296 [1982], *cert denied* 459 US 847 [1982]). In any event, the instruction could not have caused any prejudice to defendant (*see People v Wright*, 270 AD2d 176 [2000], *lv denied* 94 NY2d 954 [2000]).

The court properly exercised its discretion in refusing to issue an adverse inference instruction regarding the inadvertent loss

of property recovered from defendant (*see People v Kelly*, 62 NY2d 516 [1984]). The item in question was irrelevant and there was no bad faith on the part of the prosecution or prejudice to defendant. Concur—Tom, J.P., Marlow, Sullivan, Nardelli and Williams, JJ.