■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEAN MEDOR, Appellant. [833 NYS2d 100]—

Judgment, Supreme Court, New York County (James A. Yates, J.), rendered March 11, 2004, convicting defendant, after a jury trial, of assault in the second degree, and sentencing him to a term of five years' probation with 100 hours of community service, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. There is no basis for disturbing the jury's determinations concerning credibility (*see People v Bleakley*, 69 NY2d 490, 495 [1987]). Defendant's intent to cause physical injury could be readily inferred from evidence that he swung a backpack containing two bottles of wine, a hammer and two screwdrivers at the victim's head, with enough force to break one of the bottles. The element of physical injury was established by the victim's testimony that the assault caused a lump on the back of his head, along with pain lasting two or three days requiring treatment with medication and ice (*see People v Guidice*, 83 NY2d 630, 636 [1994]; *People v Stapleton*, 33 AD3d 464 [2006], 7 NY3d 904 [2006]). Moreover, the victim's testimony was corroborated by police testimony and hospital records. Finally, under the circumstances of its use, the

backpack weighted with hard and heavy objects constituted a dangerous instrument (*see People v Carter*, 53 NY2d 113 [1981]).

At trial, defendant did not raise a justification defense, and he did not request such an instruction prior to jury deliberations. However, the deliberating jury inquired about the circumstances in which an assault would be justified. The court provided a meaningful response to that inquiry when it restated the elements of assault and told the jury not to consider any legal theories upon which it had not been charged (*see People v Aquevareno*, 17 AD3d 171 [2005], *lv denied* 5 NY3d 784 [2005]). The issue of justification was never litigated during the trial, and, in any event, there was no reasonable view of the evidence supporting such defense.

We have considered and rejected defendant's remaining arguments concerning the court's responses to jury notes. Concur—Mazzarelli, J.P., Sullivan, Sweeny, Malone and Kavanagh, JJ.