■ In the Matter of HEBREW S., a Person Alleged to be a Juvenile Delinquent, Appellant. [898 NYS2d 144]—

Order, Family Court, Bronx County (Clark V. Richardson, J.), entered on or about June 16, 2009, which adjudicated appellant a juvenile delinquent upon a fact-finding determination that he committed acts, which, if committed by an adult, would constitute the crimes of grand larceny in the fourth degree and criminal possession of stolen property in the fourth degree, and placed him on probation for a period of 12 months, unanimously modified, as a matter of discretion in the interest of justice, to the extent of reducing the findings to petit larceny and criminal possession of stolen property in the fifth degree, respectively, and otherwise affirmed, without costs.

Except as indicated, the finding was based on legally sufficient evidence and was not against the weight of the evidence. The evidence supports the inferences that appellant took a laptop computer belonging to his school, and that he did so with larcenous intent. However, we conclude that testimony that the laptop was purchased for $1,349.40 one year before the theft was insufficient proof that it was still worth over $1,000 (*see e.g. People v Gonzalez*, 221 AD2d 203, 204-205 [1995]). This was not a case in which value could be inferred from the circumstances (*compare e.g. People v Carter*, 19 NY2d 967 [1967] [value in excess of $500 established by proof that owner paid $3,300 for car 10 months before theft]). Although this issue was unpreserved, we choose to review it in the interest of justice. In any event, the finding was also against the weight of the evidence with regard to the element of value. Concur—Andrias, J.P., Sweeny, Renwick, Abdus-Salaam and Manzanet-Daniels, JJ.