El Toro Group, LLC v Bareburger Group, LLC (2021 NY Slip Op 00246)





El Toro Group, LLC v Bareburger Group, LLC


2021 NY Slip Op 00246


Decided on January 14, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 14, 2021

Before: Renwick, J.P., Manzanet-Daniels, Kapnick, Kern, Kennedy, JJ. 


Index No. 651018/18 Appeal No. 12930 Case No. 2020-00695 

[*1]El Toro Group, LLC, et al., Plaintiffs-Respondents,
v
Bareburger Group, LLC, et al., Defendants-Appellants.


Certilman Balin Adler & Hyman, LLP, East Meadow (John H. Gionis of counsel), for appellants.
Marco & Sitaras, PLLC, New York (George Marco of counsel), for respondents.



Order, Supreme Court, New York County (Barry R. Ostrager, J.), entered September 24, 2019, which, insofar as appealed from, denied defendants' motion to dismiss the amended complaint except for the first and fifteenth causes of action, unanimously modified, on the law, to dismiss the second, fourth, fifth, seventh, eighth, twelfth through fourteenth, and sixteenth causes of action in their entirety; the third cause of action as asserted by El Toro Group, LLC, NGM Management Group, LLC, Columbus Village LLC, and FiDi District LLC, as well as the third cause of action as asserted by Midtown East NY, LLC and Fuber LLC except to the extent it is based on rebates, mark-ups, and brand development fees, as against all defendants except Bareburger Group, LLC (Franchisor) and George Rodas, and to the extent it seeks punitive damages; so much of the sixth cause of action as seeks rescission of the franchise agreements and Step-In Rights (SIR) Agreement, and so much as is asserted by El Toro; so much of the ninth cause of action as seeks rescission of the franchise agreements; so much of the tenth cause of action as relates to breaches that occurred before March 2, 2012, as is based on the Bareburger mark, and as is asserted on behalf of El Toro; so much of the eleventh cause of action as is based on the promise to advance funds; so much of the eleventh cause of action as is based on the promise to buy plaintiffs' restaurants, with leave to replead; and the seventeenth cause of action as against all defendants other than Franchisor and TIDM Corp., and to declare that the franchise agreements are enforceable and that Franchisor or its assignee has the right to operate NGM's, Columbus's, FiDi's, Midtown's, and Fuber's (the Companies') restaurants, and otherwise affirmed, without costs.
The second and third causes of action allege violation of General Business Law (GBL) § 687. The second cause of action seeks the equitable remedy of rescission of the franchise agreements and SIR Agreement, and must be dismissed because plaintiffs have a complete and adequate remedy at law, which is the damages they seek in the third cause of action [FN1] (see Rudman v Cowles Communications, 30 NY2d 1, 13 [1972]). Moreover, it is impracticable to restore the status quo (id.). If defendants were to return the royalties, franchise fees, rebates, mark-ups, management fees and other charges they collected from plaintiffs, there is nothing the plaintiffs could give in exchange that would return the parties to the positions they were in prior to entering into the franchise agreement and SIR Agreement.
The third cause of action as asserted by El Toro must be dismissed because El Toro did not enter into a franchise agreement but rather a Multi-Unit Operator Agreement, which, moreover, states that it is not a franchise agreement and does not grant to El Toro any right to use the marks or "the System." The third cause of action as asserted by NGM, Columbus, and FiDi must be dismissed because [*2]these plaintiffs' franchise agreements were executed more than three years before the commencement of this action (see GBL 691[4]; Jung Hing Leung v Lotus Ride, 198 AD2d 155, 156 [1st Dept 1993]). The third cause of action as asserted by Midtown and Fuber must be dismissed except to the extent it is based on rebates, mark-ups, and brand development fees. To the extent it is based on alleged untrue or misleading statements of fact made by Franchisor and Rodas and on defendants' failure to disclosure nonparty Stavroulakis's action and defendant Spiridon Apostolatos's ownership interest in Franchisor at the time he and/or defendant Apostolatos CPA, PLLC prepared financial statements in connection with Franchise Disclosure Documents (FDDs), the cause of action fails to allege how these plaintiffs were harmed. In contrast, plaintiffs allege that the excessive rebates collected by Franchisor made it virtually impossible for franchisees to earn a profit and that the excessive and undisclosed franchise fees, advertising fees, mark-ups and other charges left them unable to operate their Bareburger restaurants without incurring losses.
The third cause of action, which also alleges omissions and misrepresentations in the FDDs, audited financial statements, and franchise agreements, is asserted against all defendants, but must be dismissed as against all but Franchisor and Rodas because Franchisor is the only defendant that was a party to the franchise agreements, and the FDDs were issued by Franchisor and certified (for the timely GBL 687 claims) by Rodas. Although Mr. Apostolatos and his firm audited Franchisor's financials, plaintiffs failed to show loss causation from those defendants' work.
The third cause of action must also be dismissed as against Franchisor's members, defendants KMVA Holdings, LLC, Gamma, LLC, Yuri Gagarin Returns, LLC, EVP Holdings, LLC, and Negroponte, LLC, and most of the owners of those LLCs, Mr. Apostolatos, George Dellis, Euripides Pelakanos (Euripides), and John Simeonidis, because in another part of the order, from which plaintiffs did not cross-appeal, the fifteenth cause of action, seeking to pierce the corporate veil, was dismissed. The third cause of action must also be dismissed as against TIDM and defendants Re-Grub, LLC, Be My Burger, LLC (BMB), Eftychios Pelekanos (Eftychios), Demetrios Voiklis, and Apostolatos, LLC because it makes no specific allegations against them.
The demand for punitive damages in the third cause of action must also be dismissed because under each franchise agreement the franchisee waived any right to punitive damages.
The fourth cause of action, which alleges that all defendants violated 15 USC § 1120, must be dismissed because plaintiffs were not injured by nor did they sustain any damages in consequence of the fraudulent transfer of the Bareburger mark from nonparty Bareburger Inc. to Franchisor.
The fifth cause of action seeks rescission of the franchise agreements and SIR Agreement due [*3]to fraud, and must be dismissed because plaintiffs have an adequate remedy at law, i.e., the damages for breach of these contracts sought in the tenth cause of action (see Rudman, 30 NY2d at 13).
The sixth cause of action, to the extent it seeks rescission of the franchise agreements and SIR Agreement, must be dismissed (see Rudman, 30 NY2d at 13). In addition, plaintiffs were not damaged by Franchisor's alleged breach of the franchise agreements by failing to provide a valid trademark.
To the extent it seeks to rescind the promissory note that the Companies signed in May 2017, on the ground that Franchisor allegedly breached the note by never advancing any funds, the sixth cause of action may proceed (see Markov v Katt, 2018 NY Slip Op 30558[U], *6 [Sup Ct, NY County 2018], affd 176 AD3d 401 [1st Dept 2019]). The tenth cause of action does not seek damages for breach of the note. However, since El Toro is not a party to the promissory note and does not claim to be a third-party beneficiary thereof, it lacks standing to sue for breach.
The motion court providently exercised its discretion in denying defendants' motion to dismiss all claims related to the promissory note based on another action pending (CPLR 3211[a][4]). We note that, by orders entered December 17, 2019, the court to which Franchisor's action against the Companies on the promissory note was assigned (Joel M. Cohen, J.) denied Franchisor's motion for summary judgment in lieu of complaint and transferred the case to Justice Ostrager.
The eighth cause of action and the ninth cause of action to the extent it seeks a declaratory judgment rescinding the franchise agreements must be dismissed (see Rudman, 30 NY2d at 13). However, to the extent the ninth cause of action seeks a declaratory judgment rescinding the SIR Agreement due to lack of consideration, it may proceed (except for the demand for punitive damages). Franchisor failed to show any consideration it gave in exchange for plaintiffs' promises in the SIR Agreement (see Strong v Sheffield, 144 NY 392, 394 [1895]). The fact that TIDM would operate the Companies' restaurants on behalf of Franchisor is not consideration, because the original franchise agreements already gave Franchisor step-in rights and allowed it to assign its rights (see Ripley v International Rys. of Cent. Am., 8 NY2d 430, 441 [1960]). Damages for breach of the SIR Agreement would not give plaintiffs a complete and adequate remedy at law, because defendants seek to use various clauses of the SIR Agreement to shield themselves from liability for breach of the franchise agreements.
To the extent any of the breaches of contract alleged in the tenth cause of action occurred before March 2, 2012 (e.g., with respect to NGM's 2011 franchise agreement), the cause of action is time-barred (see CPLR 213[2]; Ely-Cruikshank Co. v Bank of Montreal, 81 NY2d 399, 402 [1993]). To the extent the breaches are related to the Bareburger mark, the cause of action must be dismissed [*4]because plaintiffs suffered no damages as a result of the breaches (see Markov v Katt, 176 AD3d at 401-402).
Defendants' contention that a provision in the SIR Agreement shows that the claim that Franchisor breached the franchise agreements should be dismissed is unavailing, because, as indicated, the SIR Agreement might be void for lack of consideration. Defendants' contention that the contract claims should be dismissed because they do not specify the provisions that were breached is belied by the documentary evidence they submitted, for example sections 8.3.2 and 7.4 and 19.2 of the franchise agreements, which shows that the Companies — but not El Toro — have a contract claim.
Under the SIR Agreement, TIDM — not Franchisor — has the sole and exclusive right to operate the Companies' restaurants. However, TIDM is not a party to the SIR Agreement; the only defendant that signed that contract is Franchisor. Under these rather muddled circumstances, the Companies' claim against Franchisor for breaching the SIR Agreement should not be dismissed at this early stage. However, although El Toro is a signatory to the SIR Agreement, that contract deals with the Companies' restaurants, not El Toro's.
While the franchise agreements make the franchisee solely liable for the payment of all taxes incurred by it in the operation of its restaurant, the SIR Agreement gives TIDM the sole and exclusive right to operate the restaurants. The documentary evidence does not utterly refute the Companies' claim that TIDM should have remitted taxes to the tax authorities.
Defendants' contention that they did not have to establish a separate bank account for each of the Companies' restaurants but only had to keep the Companies' funds separate from Franchisor's is belied by the franchise agreements, which provide that Franchisor "shall" keep a separate account of all monies generated by the operation of each franchisee's business.
To the extent the eleventh cause of action, which seeks damages for fraud, alleges that defendants made promises in the promissory note that they had no intent to perform, it must be dismissed because a contract claim cannot be turned into a fraud claim in this manner (see e.g. Angel v Bank of Tokyo-Mitsubishi, Ltd., 39 AD3d 362, 369 [1st Dept 2007]; Lustig v Anywear, Inc., 145 AD2d 328 [1st Dept 1988]). To the extent it alleges that defendants promised to purchase plaintiffs' restaurants without intending to do so, the fraud claim is not barred by a contract in which such a promise was made, but the claim is not pleaded with sufficient particularity (see CPLR 3016[b]). For example, it refers to all 18 defendants together. Even narrowing it to Franchisor and the individual defendants would refer to seven individual defendants together (Euripides, Eftychios, Rodas, Dellis, Simeonidis, Voiklis, and Mr. Apostolatos). Accordingly, so much of the eleventh cause of action as is based on defendants' promise to purchase plaintiffs' restaurants is dismissed [*5]with leave to replead (see Aetna Cas. & Sur. Co. v Merchants Mut. Ins. Co., 84 AD2d 736 [1st Dept 1981]).
The seventh cause of action seeks a declaratory judgment rescinding the franchise agreements, SIR Agreement, and promissory note due to mistake. With respect to the franchise agreements, the cause of action must be dismissed (see Rudman, 30 NY2d at 13). As for the SIR Agreement and promissory note, the claims of fraud are insufficient to support rescission due to unilateral mistake induced by fraud (see Angel, 39 AD3d at 369-370).
The twelfth cause of action alleges that either all defendants (per the Wherefore clause) or only Franchisor, the individual defendants, and the subsidiaries [FN2] (per the twelfth cause of action itself) made various negligent misrepresentations. This claim must be dismissed because plaintiffs lacked the requisite special relationship with either Franchisor (see JMM Sunrise Auto., LLC v Volkswagen Group of Am., Inc., 46 Misc 3d 755, 786-787 [Sup Ct, Nassau County 2014] [no special relationship between franchisor and franchisee], affd on other grounds 149 AD3d 1051 [2d Dept 2017]) or defendants other than Franchisor (see Sykes v RFD Third Ave. I Assoc., LLC, 67 AD3d 162 [1st Dept 2009], affd 15 NY3d 370 [2010]).
The thirteenth cause of action, which alleges conversion, is duplicative of the tenth cause of action (see Peters Griffin Woodward, Inc. v WCSC, Inc., 88 AD2d 883, 884 [1st Dept 1982]).
The fourteenth cause of action alleges that Apostolatos CPA, PLLC and the individual defendants, member entities,[FN3] and subsidiaries aided and abetted Franchisor's fraud with respect to the Bareburger mark and false financial statements. Even if Franchisor misrepresented that it owned the Bareburger mark, plaintiffs were not harmed thereby, and therefore failed to allege fraud (see e.g. Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d 553, 559 [2009]). Absent an underlying fraud, there is no aiding and abetting fraud claim (Stang LLC v Hudson Sq. Hotel, LLC, 2016 NY Slip Op 32434[U], *24-25 [Sup Ct, NY County 2016], affd 158 AD2d 446 [1st Dept 2018]).
With respect to false financial statements, the fourteenth cause of action fails to allege substantial assistance with sufficient particularity. In addition, the documentary evidence submitted by defendants shows that the only FDD that a Company would have received before signing its franchise agreement that included financial statements is the 2011 FDD. Plaintiffs' allegations about false financial statements relate to later ones, not the ones included in the 2011 FDD.
The sixteenth cause of action, seeking an accounting from Franchisor and TIDM, must be dismissed because the parties do not have a fiduciary relationship (see Winter v Beale, Lynch & Co., 198 AD2d 124, 124-125 [1st Dept 1993], lv dismissed in part, denied in part 83 NY2d 944 [1994]). Each franchise agreement says that the parties agree that the agreement does not create a fiduciary relationship between them[*6]. We are not persuaded that other special circumstances exist in this case (see Evans v Perl, 2009 NY Slip Op 31413[U], *8 [Sup Ct, NY County 2009]).
With respect to the seventeenth cause of action, a justiciable controversy exists as to the enforceability and effect of the SIR Agreement and promissory note, but not as to the franchise agreements. It is clear from the franchise agreements that Franchisor or its assignee has the right to operate the Companies' restaurants. In addition, the only defendants that are affected by the SIR Agreement and promissory note are Franchisor and TIDM.
Plaintiffs' contentions about collateral estoppel are unavailing. The issue in the instant action is whether they — not Stavroulakis — were harmed by defendants' misconduct with respect to the Bareburger mark (see Singleton Mgt. v Compere, 243 AD2d 213, 215 [1st Dept 1998]). Moreover, the Stavroulakis case settled (see Angel, 39 AD3d at 371; Singleton, 243 AD2d at 217).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 14, 2021



Footnotes

Footnote 1: The second cause of action mentions both the franchise agreements and the SIR Agreement, while the third mentions only the franchise agreements. However, the SIR Agreement does not fall under the statute, because it did not involve "the offer, sale or purchase of a[] franchise" (GBL 687[2]).

Footnote 2: The subsidiaries (of Franchisor) are Re-Grub, TIDM, and BMB.

Footnote 3: The member entities are BMB, Apostolatos LLC, KMVA, Gamma, Yuri, EVP, and Negroponte.