Principia Partners LLC v Swap Fin. Group, LLC (2021 NY Slip Op 03267)





Principia Partners LLC v Swap Fin. Group, LLC


2021 NY Slip Op 03267


Decided on May 20, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 20, 2021

Before: Acosta, P.J., Webber, Kennedy, Shulman, JJ. 


Index No. 656163/19 Appeal No. 13872 Case No. 2020-02645 

[*1]Principia Partners LLC, Plaintiff-Appellant,
v
Swap Financial Group, LLC et al., Defendants-Respondents.


Aguilar Bentley LLC, New York (Lisa Bentley of counsel), for appellant.
Klehr Harrison Harvey Branzburg LLP, New York (Matthew J. McDonald of counsel), for Swap Financial Group, LLC, respondent.
Patterson Belknap Webb & Tyler LLP, New York (Joshua Kipnees of counsel), for Syncora Investment Holdings LLC, Syncora Guarantee Inc., Syncora Holdings US Inc., and Syncora Holdings Ltd., respondents.



Order, Supreme Court, New York County (Andrea Masley, J.), entered May 11, 2020, which, inter alia, granted the motion of the Syncora defendants to dismiss the complaint as against them, and granted the motion of defendant Swap Financial Group (Swap) to dismiss the fraud cause of action as against it, unanimously affirmed, without costs.
Plaintiff's claim against the Syncora entities for alter ego liability must be analyzed based on the law of the state of incorporation of each defendant (see Flame S.A. v Worldlink Intl. [Holding] Ltd., 107 AD3d 436, 438 [1st Dept 2013], lv denied 22 NY3d 855 [2013]). Defendant Syncora Guarantee is a New York corporation, Syncora Investment and Syncora US are Delaware entities, and Syncora Holdings Ltd. is a Bermuda entity. The court properly found that the complaint failed to satisfy the requirement to pierce the corporate veil in any of these jurisdictions. The complaint failed to distinguish between the entities and was an improper group pleading (see Aetna Cas. & Sur. Co v Merchants Mut. Ins. Co., 84 AD2d 736 [1st Dept 1981]). Moreover, the complaint largely consisted of conclusory statements which were not supported by any particularized facts and did not show that the Syncora entities dominated Swap subsequent to its acquisition by the Syncora defendants and that those entities used Swap to defraud plaintiff, as required by New York law (see Cortlandt St. Recovery Corp. v Bonderman, 31 NY3d 30, 47 [2018]). The complaint also did not allege facts showing that Swap was a sham, as required by Delaware and Bermuda law, or that it acted as an agent for the Syncora entities, as required by Bermuda law.
The fraud causes of action against Swap and the Syncora entities directly were properly dismissed as duplicative of the breach of contract claim (see Matter of Daesang Corp. v NutraSweet Co., 167 AD3d 1, 18 [1st Dept 2018]). The complaint failed to allege a legal duty to plaintiff separate and apart from the duty to perform under the contract or that a fraudulent misrepresentation was collateral or extraneous to the contract, and plaintiff sought only contract damages.
We have considered plaintiff's remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 20, 2021