Matter of Daquan W. (2024 NY Slip Op 06286)

Matter of Daquan W.

2024 NY Slip Op 06286

Decided on December 12, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 12, 2024

Before: Kern, J.P., Kapnick, González, Mendez, O'Neill Levy, JJ. 

Docket No. E-4139/22 Appeal No. 3242 Case No. 2023-04996 

[*1]In the Matter of Daquan W., A Person Alleged to be a Juvenile Delinquent, Appellant.

Dawne A. Mitchell, The Legal Aid Society, New York (Hannah Kaplan of counsel), for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York (MacKenzie Fillow of counsel), for presentment agency.

Order of disposition, Family Court, Bronx County (Gayle P. Roberts, J.), entered on or about May 15, 2023, which adjudicated appellant a juvenile delinquent upon a fact-finding determination that he committed acts that, if committed by an adult, would constitute the crimes of robbery in the first, second, and third degrees, grand larceny in the fourth degree, criminal possession of stolen property in the fourth and fifth degrees, criminal possession of a weapon in the fourth degree, assault in the third degree, menacing in the second and third degrees, and harassment in the second degree, and placed him on level 1 probation for a period of 12 months, unanimously modified, as a matter of discretion in the interest of justice, to the extent of reducing the finding of grand larceny in the fourth degree to petit larceny, vacating the finding of criminal possession of stolen property in the fourth degree, and otherwise affirmed, without costs.
Appellant's contention that he was deprived of his statutory right to a speedy trial is unpreserved (see Matter of Traekwon L., 152 AD3d 431, 432 [1st Dept 2017]), and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. The adjournments were on consent, and appellant's counsel stipulated that the first day of the fact-finding hearing was day 57 for speedy trial purposes. In any event, the majority of the delay was to resolve appellant's suppression motion, and appellant was not detained during the pendency of the juvenile proceeding (see Family Ct Act §§ 340.1[2], 330.2[3]; Matter of George T., 99 NY2d 307, 313 [2002]).
After weighing all the pertinent factors, we conclude that the court properly denied appellant's motion to dismiss the petition, made on the ground that he was denied his constitutional right to a speedy trial (see Matter of Benjamin L., 92 NY2d 660, 667-670 [1999]). The presentment agency provided a sufficient explanation for its initial delay (of less than five months) in filing the petition, the delay did not undermine the rehabilitative goal of the proceeding, and appellant has not demonstrated any prejudice.
Appellant did not preserve his claims that the evidence at the fact-finding hearing was legally insufficient to establish his identity, his intent to inflict physical injury, that the hammer he swung at the victim was a dangerous instrument, and that the victim did not suffer physical injury, to support the court's relevant findings of guilt, and we decline to review them in the interest of justice. As an alternative holding, we reject those claims on the merits. Furthermore, the court's findings were not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]; see also People v Baque, __ NY3d __, 2024 NY Slip Op 05244 [2024]). The victim identified appellant in a photo array that was not unduly suggestive (see People v Owens, 151 AD3d 520 [1st Dept 2017], lv denied 29 NY3d 1131 [2017]) after providing [*2]photos of appellant from appellant's social media profiles to the police. Moreover, the victim provided the police with the perpetrator's phone number, and appellant gave that number as his own while giving his pedigree information during his arrest. Additionally, appellant's intent to injure the victim can properly be inferred by his swinging a hammer at her (see People v Medor, 39 AD3d 362, 362 [1st Dept 2007], lv denied 9 NY3d 867 [2007]), which also established under the circumstances that the hammer was a dangerous instrument (see Penal Law § 10.00[13]). Finally, the victim suffered physical injury where she hurt her knee while struggling with appellant, which required her to ice it and it was sore for approximately two weeks (see People v Kearse, 214 AD3d 438, 438 [1st Dept 2023], lv denied 40 NY3d 929 [2023]).
However, the victim's testimony regarding the estimated cost of the laptop and iPad, without more, was insufficient proof that the property was still worth over $1,000 (see Matter of Hebrew S., 72 AD3d 529, 529 [1st Dept 2010]). Although this issue was also unpreserved, we choose to review it in the interest of justice. The finding was also against the weight of the evidence with regard to the element of value.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 12, 2024